STATE OF CONNECTICUT *v.* WAYNE V. CORVO

HOUSE, C. J., COTTER, BOGDANSKI, LONGO and BARBER, Js.

Argued January 6—decision released February 15, 1977

*John P. McKeon,* for the appellant (defendant).

*D. Michael Hurley,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti,* state's attorney, for the appellee (state).

PER CURIAM. A jury found the defendant, Wayne V. Corvo, guilty of the crime of illegal possession of heroin, in violation of General Statutes § 19-481 (a). From the judgment rendered the defendant has appealed raising the single issue of whether the trial court committed error in charging the jury on the definition of "possession."

At the trial there was evidence presented to prove that the defendant and two other persons went to Willimantic in a motor vehicle for the purpose of purchasing heroin for their own use. A state policeman stopped the vehicle and the defendant was observed in the left rear seat with a belt around his arm. A syringe, tweezers, bottle cap cooker, and a tinfoil package containing a residue of heroin were all found in the rear passenger compartment of the vehicle where the defendant was seated.

The court read the pertinent portion of the applicable statute defining the crime with which the defendant was charged and correctly instructed the jury that "[t]o establish that the defendant had possession . . . it was necessary to prove that he had exercised dominion and control over the substance, had knowledge of its presence and had knowledge of its narcotic character." The court also explained the meaning of constructive possession. The only exception taken to the charge was that the court confused the word "control" with "possession." There is no merit to this claim. The court correctly charged the jury. *State* v. *Williams,* 169 Conn. 322, 335, 363 A.2d 72; *State* v. *Avila,* 166 Conn. 569, 573, 353 A.2d 776; *State* v. *Harris,* 159 Conn. 521, 531, 271 A.2d 74, cert. dismissed, 400 U.S. 1019, 91 S. Ct. 578, 27 L. Ed. 2d 630. Furthermore, viewing the charge as a whole it had no tendency to mislead the jury. *State* v. *Tropiano,* 158 Conn. 412, 433, 262 A.2d 147, cert. denied, 398 U.S. 949, 90 S. Ct. 1866, 26 L. Ed. 2d 288.

There is no error.