STATE OF CONNECTICUT *v.* MICHAEL SAMAHA

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued March 5—decision released May 13, 1980

*Jerrold H. Barnett,* public defender, with whom, on the brief, was *Richard Emanuel,* assistant public defender, for the appellant (defendant).

*Frank S. Maco,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

PER CURIAM. The defendant was charged with the offenses of kidnapping in the second degree in violation of General Statutes § 53a-94 (a) and sexual assault in the first degree in violation of General Statutes § 53a-70 (a). The jury found him guilty of sexual assault in the first degree, but not guilty of kidnapping in the second degree or a lesser included crime. He has appealed from the judgment rendered on the verdict, claiming error in the charge to the jury.[1]

---

[1] The issues raised in the defendant's preliminary statement of issues which were not briefed are considered abandoned. *State* v. *Hoffler,* 174 Conn. 452, 457, 389 A.2d 1257 (1978).

The defendant's claim stems from the manner in which the court described the relationship between the kidnapping and sexual assault offenses, which was to be determined by the jury. *State* v. *Lee,* 177 Conn. 335, 343-44, 417 A.2d 354 (1979); *State* v. *Chetcuti,* 173 Conn. 165, 168-69, 377 A.2d 263 (1977); *State* v. *Dubina,* 164 Conn. 95, 99-100, 318 A.2d 95 (1972). The claim is not directed to any particular part of the charge but to the charge as a whole, which the defendant claims permitted an instruction on the complainant's legal inability to consent to kidnapping, because she was less than sixteen years of age, to "spill over" to the sexual assault charge.

The court first instructed the jury on the elements of sexual assault in the first degree and its lesser included offenses. The court did not define consent for the jury until it instructed them on the lesser included offense of sexual assault in the fourth degree where lack of consent to sexual contact is an element. When the court completed its instructions on sexual assault in the first degree and lesser included crimes, the court discussed some general principles of law and the evidence relating to the sexual assault charge.

The court then instructed the jury on kidnapping in the second degree and a lesser included crime. With regard to consent, which may be in issue for these crimes, the court discussed the statutory provision which renders ineffective the consent to restraint of a child under sixteen years old. General Statutes § 53a-91 (1). See *State* v. *Dubina,* supra, 99. When the court completed its instructions on second degree kidnapping and second degree unlawful restraint, the court instructed the jury that if

they found the defendant guilty of first degree sexual assault or a lesser included crime and of second degree kidnapping or the lesser included crime of second degree unlawful restraint, they must determine whether the kidnapping or unlawful restraint was incidental to the sexual assault. In explaining this relationship, the court did not review its previous instructions on consent.

The defendant claims that the court's instruction on the complainant's lack of capacity to consent, which related to the kidnapping charge, could reasonably have been construed by the jury to apply to the sexual assault charge. An examination of the charge clearly shows that the court discussed the complainant's lack of capacity to consent solely in the context of its instructions on kidnapping and unlawful restraint. Furthermore, whatever spillover might have occurred could only have related to sexual assault in the fourth degree where lack of consent is an element of the crime. The court explicitly instructed the jury that the only sexual assault crime at issue in which lack of consent was an element was sexual assault in the fourth degree. But the jury never proceeded to consider the crime of sexual assault in the fourth degree, because it found the defendant guilty of sexual assault in the first degree.

The charge gave the jury a clear understanding of the elements of the crimes charged and the lesser included crimes, as well as the relationship of the crimes charged and included in one count to those charged and included in the other count. The court also gave the proper guidance to determine whether the elements of each crime had been proven. *State* v. *Avila*, 166 Conn. 569, 574, 353 A.2d 776 (1974).

The court's instructions when viewed as a whole had no tendency to mislead the jury. *State* v. *Corvo,* 172 Conn. 414, 415, 374 A.2d 1050 (1977).

There is no error.