## STATE OF CONNECTICUT *v.* DAVID E. TYSON
### (10764)

PETERS, C. J., HEALEY, PARSKEY, SHEA and DANNEHY, Js.

Argued January 9—decision released February 26, 1985

*Erskine D. McIntosh,* assistant public defender, for the appellant (defendant).

*Robert J. O'Brien,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Roseann Bocciarelli,* legal intern, for the appellee (state).

SHEA, J. A grand jury returned a two part indictment against the defendant charging him, in the first part, with robbery in the first degree in violation of General Statutes § 53a-134 (a) (2) and, in the second part, with being a "persistent dangerous felony

offender" as provided in General Statutes § 53a-40.[1] The defendant pleaded guilty to the robbery charge but not guilty to the persistent dangerous felony offense. After a jury trial he was found guilty of the second

---

[1] At the time the crimes occurred, January 31, 1980, General Statutes (Rev. to 1979) § 53a-40 provided as follows: "Sec. 53a-40. PERSISTENT OFFENDERS: DEFINITIONS; DEFENSE; AUTHORIZED SENTENCES. (a) A persistent dangerous felony offender is a person who (1) stands convicted of manslaughter, arson, kidnapping, sexual assault in the first or third degree, sexual assault in the first or third degree with a firearm, robbery in the first or second degree, or assault in the first degree; and (2) has been, prior to the commission of the present crime, convicted of and imprisoned, under a sentence to a term of imprisonment of more than one year or of death, in this state or in any other state or in a federal correctional institution for any of the following crimes: (A) The crimes enumerated in subdivision (1), the crime of murder, or an attempt to commit any of said crimes or murder; or (B) prior to October 1, 1975, any of the crimes enumerated in sections 53a-72, 53a-75 or 53a-78 of the general statutes, revision of 1958, revised to 1975, or prior to October 1, 1971, in this state, assault with intent to kill under section 54-117, or any of the crimes enumerated in sections 53-9, 53-10, 53-11, 53-12 to 53-16, inclusive, 53-19, 53-21, 53-69, 53-78 to 53-80, inclusive, 53-82, 53-83, 53-86, 53-238 and 53-239 of the general statutes, revision of 1958, revised to 1968, or any predecessor statutes in this state, or an attempt to commit any of said crimes; or (C) in any other state, any crimes the essential elements of which are substantially the same as any of the crimes enumerated in subdivision (1) or (2).

"(b) A persistent felony offender is a person who (1) stands convicted of a felony; and (2) has been, prior to the commission of the present felony, convicted of and imprisoned under an imposed term of more than one year or of death, in this state or in any other state or in a federal correctional institution, for a crime. This subsection shall not apply where the present conviction is for a crime enumerated in subdivision (1) of subsection (a) and the prior conviction was for a crime other than those enumerated in subsection (a).

"(c) A persistent larceny offender is a person who (1) stands convicted of larceny in the third or fourth degree and (2) has been, at separate times prior to the commission of the present larceny, twice convicted of the crime of larceny.

"(d) It shall be an affirmative defense to the charge of being a persistent offender under this section that (1) as to any prior conviction on which the state is relying the defendant was pardoned on the ground of innocence, and (2) without such conviction, the defendant was not two or more times convicted and imprisoned as required by this section.

"(e) When any person has been found to be a persistent dangerous felony offender, and the court is of the opinion that his history and character and

charge and was sentenced to a minimum term of fifteen years and a maximum term of life imprisonment.[2] The defendant has appealed from the judgment finding him guilty as a persistent dangerous felony offender. The only issue briefed is whether General Statutes § 53a-40 is unconstitutionally vague because of a claimed ambiguity in the number of convictions required before a person may be punished as a persistent dangerous felony offender. We conclude that there is no such ambiguity and find no error.

The first degree robbery charge to which the defendant pleaded guilty was based upon a robbery of a store

the nature and circumstances of his criminal conduct indicate that extended incarceration and lifetime supervision will best serve the public interest, the court, in lieu of imposing the sentence of imprisonment authorized by section 53a-35 for the crime of which such person presently stands convicted, may impose the sentence of imprisonment authorized by said section for a class A felony.

"(f) When any person has been found to be a persistent felony offender, and the court is of the opinion that his history and character and the nature and circumstances of his criminal conduct indicate that extended incarceration will best serve the public interest, the court in lieu of imposing the sentence of imprisonment authorized by section 53a-35 for the crime of which such person presently stands convicted, may impose the sentence of imprisonment authorized by said section for the next more serious degree of felony.

"(g) When any person has been found to be a persistent larceny offender, and the court is of the opinion that his history and character and the nature and circumstances of his criminal conduct indicate that extended incarceration will best serve the public interest, the court, in lieu of imposing the sentence authorized by section 53a-35 for the crime of which such person presently stands convicted, may impose the sentence of imprisonment authorized by said section for a class D felony."

[2] The conviction of robbery in the first degree, a class B felony, would ordinarily have exposed the defendant to a maximum sentence of not less than one year nor more than twenty years. General Statutes §§ 53a-134 (a) (2), 53a-35 (b) (2), 53a-35 (c) (2). The effect of being found to be a "persistent dangerous felony offender" increased the defendant's sentencing exposure to that provided for a class A felony, a minimum term of not less than ten nor more than twenty-five years and a maximum term of life imprisonment. General Statutes §§ 53a-40 (e), 53a-35 (b) (1), 53a-35 (c) (1).

in West Haven on January 31, 1980, in which the defendant participated with two accomplices, one of whom shot the store manager. The charge of being a persistent dangerous felony offender, of which the defendant was found guilty by a jury, depended upon an additional conviction on August 19, 1976, of robbery in the first degree for which the defendant was sentenced to a term of more than one year in the state prison. In this appeal the defendant does not dispute this factual basis for his conviction under the second part of the indictment.

The defendant claims that § 53a-40 is not clear with respect to the number of convictions required for its applicability and maintains that three convictions are necessary. This claim was advanced as a ground for dismissing the indictment and also for an acquittal, but the trial court denied the defendant's motions. Subsection (a) of § 53a-40 defines a persistent dangerous felony offender as "a person who (1) stands convicted of . . . robbery in the first or second degree . . . and (2) has been, prior to the commission of the present crime, convicted of and imprisoned, under a sentence to a term of imprisonment of more than one year or of death, in this state or in any other state or in a federal correctional institution . . . ." The defendant argues that the "present crime" mentioned in the second clause may reasonably be construed not to refer to the same crime of which a person "stands convicted," as stated in the first clause, but to another crime of similar import and that, accordingly, three convictions are necessary to make the sentencing enhancement provisions of § 53a-40 (e) operative. He contends that such an interpretation is supported by the language of subsection (d), which makes it an affirmative defense that "(1) as to any prior conviction on which the state is relying the defendant was pardoned on the ground of innocence, and (2) without such conviction, the

defendant was not two or more times convicted and imprisoned as required by this section." The reference to being "two or more times convicted *and* imprisoned" (emphasis added), according to the defendant, can only be reconciled with the view that, prior to the present crime, two previous convictions and imprisonments are required.

The construction of § 53a-40 advocated by the defendant is wholly at variance with its legislative history. When our Penal Code was adopted in 1969, § 53a-40 (a) did require a persistent dangerous felony offender to have been "at separate times prior to the commission of the present crime, two or more times convicted of and imprisoned" for one of the dangerous felonies specified. Public Acts 1969, No. 828, § 40. In accordance with this language, the commission to revise the criminal statutes, which drafted the Penal Code, then commented that "two prior dangerous felony convictions; and (3) two prior imprisonments as a felon" were necessary. Commission to Revise the Criminal Statutes, Commentary (1969). In 1971 this section was amended by deleting the words "at separate times" and "two or more times," leaving it in its present form. Public Acts 1971, No. 871, § 15. In relation to this amendment the commission commented that "[t]he essential elements of the definition of a persistent dangerous felony offenders [sic] are: (1) a present conviction of the dangerous felonies listed in subsection (a) (1); and (2) at least one prior dangerous felony conviction and imprisonment therefor for more than one year." Commission to Revise the Criminal Statutes, Comments (West 1971). Although no corresponding modification was made in the phraseology of subsection (d), which still refers to a defendant being "not two or more times convicted and imprisoned as required by this section," such a revision is not essential, since the "two or more times" qualification may readily be construed to modify

the word "convicted" but not the word "imprisoned." "It is a tenet of statutory construction that if two seemingly contradictory statutes can be construed harmoniously, both should be given effect." *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 359, 377 A.2d 1099 (1977); *Cicala* v. *Administrator,* 161 Conn. 362, 365, 288 A.2d 66 (1971). Furthermore, even if there were a conflict between subsection (d) and subsection (a) of § 53a-40 in respect to the number of imprisonments necessary, the latter provision must govern as the more recent articulation of legislative intention. *New Haven Water Co.* v. *North Branford,* 174 Conn. 556, 565, 392 A.2d 456 (1978). "When expressions of the legislative will are irreconcilable, the latest prevails." *Moran* v. *Bens,* 144 Conn. 27, 30, 127 A.2d 42 (1956).

Although the issue of the number of prior convictions necessary for § 53a-40 (a) to apply has not been explicitly raised in our prior decisions, we have implicitly recognized that a single prior conviction and imprisonment as specified in that subsection provides a sufficient factual basis for a guilty plea to a charge of being a persistent dangerous felony offender. *State* v. *Williams,* 173 Conn. 545, 554–57, 378 A.2d 588 (1977). Similarly, in considering appeals involving the parallel provisions of § 53a-40 (b), which pertain to "persistent felony offenders," we have sanctioned convictions under that subsection resting upon only one prior conviction and imprisonment in addition to the instant offense. *State* v. *Orsini,* 187 Conn. 264, 278, 445 A.2d 887, cert. denied, 459 U.S. 861, 103 S. Ct. 136, 74 L. Ed. 2d 116 (1982). If § 53a-40 (a) were susceptible of the interpretation advanced by the defendant that two or more prior convictions and imprisonments are necessary to invoke the sentence enhancement provisions of subsection (e), it is indeed

surprising that almost a decade would pass before the first assertion of such a claim.

The defendant appears to claim that even though his interpretation of § 53a-40 (a) may not receive our approval, it is at least arguable and, therefore, the constitutional requirement of definiteness in a criminal statute has been violated. *Papachristou* v. *Jacksonville,* 405 U.S. 156, 162, 92 S. Ct. 839, 31 L. Ed. 2d 110 (1972). Such a statute must "give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *United States* v. *Harriss,* 347 U.S. 612, 617, 74 S. Ct. 808, 98 L. Ed. 989 (1954). It is clear, however, that the defendant had "fair notice" that his most recent crime, which triggered the application of § 53a-40 (a), was prohibited by virtue of the first degree robbery statute, in which no ambiguity is suggested. The defendant is in no position to maintain that the asserted ambiguity of § 53a-40 (a) impaired his freedom "to steer between lawful and unlawful conduct." *Grayned* v. *Rockford,* 408 U.S. 104, 108, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972). At best he might claim that his confusion about the applicability of § 53a-40 (a) left him unaware of the full scope of punishment to which he was exposed by his latest crime. Even if there were some reasonable basis for his misunderstanding to be found in the statutory language, however, our decision in *State* v. *Williams,* supra, which was announced before the present crime occurred, provided adequate notice of the consequences of a further dangerous felony offense by the defendant. In considering whether a statute is unconstitutionally vague, well established judicial interpretation of its provisions may be regarded as clarifying the statute and may effectively remove uncertainties which the statutory language may have created. *Hamling* v. *United States,* 418 U.S. 87, 113, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974); *Miller* v. *California,* 413 U.S.

15, 24, 93 S. Ct. 2607, 37 L. Ed. 2d 419, reh. denied, 414 U.S. 881, 94 S. Ct. 26, 38 L. Ed. 2d 128 (1973); *State* v. *Cimino,* 33 Conn. Sup. 680, 366 A.2d 1168 (1976).

Absent impingement upon first amendment freedoms, the remaining consideration in the challenge of a statute for vagueness is whether it "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned* v. *Rockford,* supra, 108–109. The view we have consistently followed that only one prior conviction and imprisonment for a dangerous felony as specified in § 53a-40 (a) is necessary has provided a standard which could hardly be more precise and thus obviates any possibility of arbitrariness.

We conclude that there is no viable basis for the defendant's challenge to the constitutionality of § 53a-40 (a) upon the ground of vagueness.

There is no error.

In this opinion the other judges concurred.