STATE OF CONNECTICUT *v.* ROBERT W. THOMPSON
(12107)

PETERS, C. J., HEALEY, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued April 11—decision released July 30, 1985

*Edward T. Lynch, Jr.,* with whom, on the brief, was *Michael Miles,* for the appellant (defendant).

*William Domnarski,* deputy assistant state's attorney, with whom, on the brief, were *Herbert Carlson*

and *Carl Schuman,* assistant state's attorneys, for the appellee (state).

SANTANIELLO, J. The defendant, Robert W. Thompson, was convicted by a jury of three narcotics-related offenses. The substitute information charged him in count one with possession of cocaine in violation of General Statutes § 19-481 (a),[1] in count two with possession of cocaine with intent to sell in violation of General Statutes § 19-480 (a),[2] and in count three with possession and transportation of one ounce or more of cocaine with intent to sell in violation of § 19-480a (a).[3] The trial

[1] General Statutes § 19-481 (a) at the time of the alleged offense provided: "Any person who possesses or has under his control any quantity of any narcotic substance, except as authorized in this chapter, for a first offense, may be imprisoned not more than seven years or be fined not more than three thousand dollars, or be both fined and imprisoned . . . ."
Section 19-481 (a) was transferred to § 21a-279 (a) in 1983.

[2] General Statutes § 19-480 (a) at the time of the alleged offense provided: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance, other than marihuana, or a narcotic substance except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than three thousand dollars or be both fined and imprisoned and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than five thousand dollars, or be both fined and imprisoned."
Section 19-480 (a) was transferred to § 21a-277 (a) in 1983.

[3] General Statutes § 19-480a (a) at the time of the alleged offense provided: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person one or more preparations, compounds, mixtures or substances containing an aggregate weight of one ounce or more of a heroin, methadone or cocaine or a substance containing five milligrams or more of lysergic acid diethylamide, except as authorized in this chapter, and who is not, at the time of such action, a drug-dependent person, shall be imprisoned for a minimum term of not less than five years nor more than twenty years; and, a maximum term of life imprisonment. The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended except the court may suspend the execution of such man-

court granted the defendant's motion to set aside the verdict on count one but denied the motion as to the second and third counts. The defendant was then sentenced to confinement for a period of three years on count two and for five years on count three, to be served concurrently. On appeal, the defendant contends that: (1) he has been sentenced twice for the same offense in violation of his constitutional right not to be placed in double jeopardy; (2) there was insufficient evidence to support the jury's verdict on count three; and (3) the trial court erred in not excepting him from the mandatory minimum sentence of five years under General Statutes § 19-480a (a). We find no error.

The jury could reasonably have found the following facts: In March, 1981, John Gervasoni, a police informant, introduced the defendant to Officer Angelo Tosi, an undercover police officer working with the state police narcotics task force. Gervasoni told Tosi that the defendant had access to cocaine from South America. In July, 1981, Tosi approached the defendant about the possible purchase of large quantities of narcotics from South America. The defendant told Tosi that he knew a man named Escobar who smuggled cocaine into this country for resale. The defendant agreed that he would contact Tosi if Escobar returned to Connecticut. Sometime in early August, 1981, the defendant contacted Gervasoni to tell him that Escobar was in Connecticut and had "something." They then arranged to meet.

On August 13, the defendant, Tosi, Gervasoni and a friend of the defendant, Norton Johnston, met at Johnston's home in Southington. At the meeting the

datory minimum sentence if at the time of the commission of the offense (1) such person was under the age of eighteen years or, (2) such person's mental capacity was significantly impaired but not so impaired as to constitute a defense to prosecution."

Section 19-480a (a) was transferred to § 21a-278 (a) in 1983.

defendant explained that Escobar had brought cocaine with him from South America. He produced a plastic container holding a number of small packets that were filled with a white, powdery substance later identified as nearly pure cocaine. The group then tested the cocaine and discussed its quality. Tosi requested some of the cocaine and the defendant gave him four small packets, weighing together approximately .46 ounces, from the container. Tosi offered to pay for the packets but the defendant said that no money was needed at the time and that payment could be made when the rest of the cocaine in the container was sold.

On August 18, 1981, the defendant, Escobar, Tosi and another undercover officer, Detective Jeffrey Emons, met at the defendant's home in Southington to exchange the remainder of the cocaine in the container. The four discussed the details of the transaction and resolved questions as to the weight of the cocaine, the previous sale on August 13 and the price. When the officers went to their car purportedly to get the money for the sale, the defendant was arrested. The cocaine seized weighed approximately three ounces and was later identified as the same cocaine that had been displayed at the August 13 meeting.

I

The defendant first claims that the trial court erred in denying his motion to set aside the verdict on the second count of the information on the ground that possession of cocaine with intent to sell, a violation of General Statutes § 19-480 (a), is a lesser included offense of possession of an ounce or more of cocaine with intent to sell, a violation of General Statutes § 19-480a (a). He argues that conviction and sentencing on both counts two and three violated his constitutional right not to be placed twice in jeopardy for the same offense.

The double jeopardy clause of the fifth amendment prohibits not only multiple trials for the same offense, but also multiple punishments for the same offense. *Brown* v. *Ohio,* 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); *State* v. *Devino,* 195 Conn. 70, 73, 485 A.2d 1302 (1985); *State* v. *Frazier,* 194 Conn. 233, 237–38, 478 A.2d 1013 (1984). "In *Blockburger* v. *United States,* 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), the Supreme Court established the test later adopted by this court to determine whether double jeopardy attaches: '[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.' *Blockburger* v. *United States,* supra, 304; see *State* v. *Goldson,* [178 Conn. 422, 423–24, 423 A.2d 114 (1979)]. An analysis of the *Blockburger* test involves a threshold determination of whether the offenses arose out of the 'same act or transaction,' and a substantive analysis of whether they contain distinct elements. *State* v. *Goldson,* supra, 424." *State* v. *Frazier,* supra, 238; see *State* v. *Devino,* supra, 74–75.

Thus, in order for this court to find that the defendant's right to be free from double jeopardy has been violated, we must first determine if the offenses charged in counts two and three arose out of the same act or transaction. The defendant argues that the sale of cocaine on August 13, which was the basis of count two, and the sale on August 18, which was the basis of count three, were in reality one transaction merely temporally divided. We disagree.

While prosecutors cannot avoid the limitations of the double jeopardy clause "by the simple expedient of dividing a single crime into a series of temporal or spatial units"; *Brown* v. *Ohio,* supra, 169, quoted in *State* v. *Goldson,* supra, 425; in order for two separate drug

sales to be considered one transaction, some temporal continuity or other close connection between the sales must be present. *Blockburger* v. *United States,* supra, 302. In *Blockburger,* for instance, narcotics sales between the same parties on successive days were considered separate transactions. Id., 301–302; see also *People* v. *Edmonds,* 93 Mich. App. 129, 134, 285 N.W.2d 802 (1979) (separate purchases on same day constituted separate transactions). In the present case, five days lapsed between the August 13 and August 18 transactions. Although payment for the August 13 sale was postponed until August 18, the record indicates that the parties did not firmly commit on August 13 to meet five days later for a second installment. In short, there was no temporal continuity or clear connection between the two sales.

The defendant mistakenly relies on *State* v. *Goldson,* supra, to support his contention that the events which transpired constituted only one transaction. In *Goldson,* the defendant was charged with and convicted of the separate crimes of possession of narcotics and transportation of narcotics, even though the possession and transportation occurred at the exact same time. In overturning the defendant's conviction of possession we found that transportation of narcotics necessarily involves possession and that, under those circumstances, these acts were really just different aspects of the same criminal conduct. We therefore held that the "two" crimes arose out of the same transaction for double jeopardy purposes. *State* v. *Goldson,* supra, 424–25. Here, where there were two sales five days apart, we cannot say that each transfer was but part of a single instance of criminal conduct. The transfers constituted separate punishable acts under General Statutes §§ 19-480 (a) and 19-480a (a).

## II

The defendant next claims that there was insufficient evidence to support the jury's verdict finding him guilty of possession and transportation of cocaine in excess of one ounce with intent to sell.

"In reviewing a sufficiency of evidence claim on appeal the question presented is whether, viewing the evidence favorably to sustaining the verdict, the trier could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt." *State* v. *Zayas,* 195 Conn. 611, 620, 490 A.2d 68 (1985); *State* v. *Stepney,* 191 Conn. 233, 255, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984). Where a person may have been convicted under more than one statutory alternative, the judgment cannot be sustained unless the evidence was sufficient to establish that the defendant was guilty under each statutory provision upon which the jury could have relied.[4] *State* v. *Marino,* 190 Conn. 639, 650–51, 462 A.2d 1021 (1983).

There was sufficient evidence from which the jury could have reasonably found that the defendant both transported and possessed one ounce or more of cocaine with intent to sell. First, the defendant "possessed" the cocaine exchanged on August 18. He clearly exercised dominion and control over the cocaine both before

---

[4] In *State* v. *Duhan,* 194 Conn. 347, 354, 481 A.2d 48 (1984), we held that a finding of guilt can be sustained where there is sufficient evidence to uphold any one of the alternatives charged conjunctively if the defendant fails "to alert the trial court to its duty to consider whether it might be submitting to the jury a charge on which there was insufficient evidence." Because we find that the evidence was sufficient to sustain both statutory alternatives of "transportation" and "possession" under General Statutes § 19-480a (a), we do not reach the procedural issue raised by *Duhan.*

and during the August 18 meeting. See *State* v. *Corvo,* 172 Conn. 414, 415, 374 A.2d 1050 (1977); *State* v. *Harris,* 159 Conn. 521, 531, 271 A.2d 74 (1970), cert. denied, 400 U.S. 1019, 91 S. Ct. 578, 27 L. Ed. 2d 630 (1971). Second, there was uncontradicted testimony that the defendant transported the cocaine. Johnston testified that the defendant came and took the cocaine out of Johnston's home and brought it to his own home in Southington for the August 18 meeting. As for the defendant's specific intent in possessing and transporting the cocaine, there was overwhelming evidence that the defendant both possessed and transported with intent to sell: he made arrangements for the August 18 meeting, spoke of consummating a sale, tested the drugs for purity and negotiated for the price.[5] Under the circumstances, we find that there was sufficient evidence to support the jury's verdict on count three of the information.

### III

The defendant's third claim is that the trial court erred in not excepting him from the mandatory minimum sentence of five years under General Statutes § 19-480a (a). The statute permits the trial court to except a defendant from the minimum sentence where at the time of the crime his "mental capacity was significantly impaired but not so impaired as to constitute a defense to prosecution." General Statutes § 19-480a (a). The trial court held a sentencing hearing on the matter and concluded that the defendant had not established that his mental capacity was signifi-

---

[5] The defendant also argues in his brief that he could not have had the requisite intent to sell because he was not a "principal, proprietor, agent, servant or employee" under General Statutes § 19-443 (50) and (3) (transferred respectively to § 21a-240 [50] and [3] in 1983). This argument is without merit. The record indicates that the defendant clearly was a principal in the August 18 sale of narcotics. It was he who transported the cocaine to his home, arranged the meeting and offered the narcotics to Officer Tosi.

cantly impaired at the time of the August 18 transaction. The defendant argues that the sentencing procedures contained in § 19-480a (a) violate his right to due process, that his sentencing under the statute constituted cruel and unusual punishment, and that the trial court abused its discretion in failing to apply the exception to the mandatory sentence.

## A

The defendant first argues that the exception to the mandatory minimum sentence is so vague and deficient in procedural safeguards as to constitute a denial of due process of law.[6] Specifically, he claims that the sentencing hearing did not adequately afford him "full due process," and that the statute is unconstitutionally vague in that it fails to set out the burden of proof on the issue of mental capacity.[7]

---

[6] We assume that the defendant makes his due process claims under both the state and federal constitutions. "The due process clauses of the United States constitution, § 1, of the fourteenth amendment, and of the Connecticut constitution, article first, § 8, can be treated together because they 'generally have the same meaning and impose similar constitutional limitations.' *Keogh* v. *Bridgeport,* 187 Conn. 53, 60, 444 A.2d 225 (1982); *McKinney* v. *Coventry,* 176 Conn. 613, 616, 410 A.2d 453 (1979)." *Gunther* v. *Dubno,* 195 Conn. 284, 297 n.13, 487 A.2d 1080 (1985). The defendant proffers no argument for enhanced state constitutional protection and, on the facts of this case, we see no reason independently to perform such an analysis.

[7] The defendant in his brief also made two other due process claims. First, he claimed that due process required the sentencing judge to make more adequate findings of fact on mental capacity. The defendant could have filed a motion for articulation under Practice Book § 3082. Because of his failure to file such a motion, he cannot now be heard to complain. See *Kaplan* v. *Kaplan,* 186 Conn. 387, 388 n.1, 441 A.2d 629 (1982); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222 n.5, 435 A.2d 24 (1980).

Second, he claimed that General Statutes § 19-480a (a) is unconstitutionally vague in that it did not set out the standard of proof the defendant was required to meet in showing significant impairment of mental capacity. The issue of the standard of proof, however, was never raised below and the sentencing judge was never given the opportunity to address the defendant's claim. We cannot even tell from the record what standard of proof the sentencing judge applied. We have said many times: "Only in most exceptional circumstances can and will this court consider a claim,

In assessing the defendant's due process claims, we note at the outset that the challenge of a statute on constitutional grounds always imposes a difficult burden on the challenger. "We have consistently held that every statute is presumed to be constitutional and have required invalidity to be established beyond a reasonable doubt." *Peck* v. *Jacquemin,* 196 Conn. 53, 64, 491 A.2d 1043 (1985), citing *Eielson* v. *Parker,* 179 Conn. 552, 557, 427 A.2d 814 (1980).

The defendant asserts that he was denied "full due process" at the sentencing hearing but does not specify exactly how the procedures were defective. Although a criminal defendant is entitled to due process of law at sentencing; *Gardner* v. *Florida,* 430 U.S. 349, 358, 97 S. Ct. 1197, 51 L. Ed. 2d 393 (1977); the range of due process rights in sentencing procedures is not as extensive as that at trial. *Williams* v. *New York,* 337 U.S. 241, 246–47, 69 S. Ct. 1079, 93 L. Ed. 1337, reh. denied, 337 U.S. 961, 69 S. Ct. 1529, 93 L. Ed. 1760 (1949); *United States* v. *Adams,* 694 F.2d 200, 202–203 (9th Cir. 1982). We recognize that a defendant is entitled to counsel at sentencing hearings and may not be sentenced on the basis of improper factors or erroneous information. See *United States* v. *Lemon,* 723 F.2d 922, 933 (D.C. Cir. 1983); *Consiglio* v. *Warden,* 153 Conn. 673, 676, 220 A.2d 269 (1966). But the due process clauses of the state and federal constitutions do not in all circumstances require a judge to hold hearings and give a convicted person an opportunity to participate in those hearings when determining the

constitutional or otherwise, that has not been raised and decided in the trial court." *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973); *Tucker* v. *Alleyne,* 195 Conn. 399, 402 n.3, 488 A.2d 452 (1985). The defendant has raised no exceptional circumstances to warrant departure from this general rule and the record does not adequately support a claim that the defendant has clearly been deprived of a fundamental right or a fair trial. Thus, we do not review this claim.

sentence to be imposed.[8] *Specht* v. *Patterson,* 386 U.S. 605, 606–607, 87 S. Ct. 1209, 18 L. Ed. 2d 326 (1967); *Williams* v. *New York,* supra. In the case at hand, the defendant received a full sentencing hearing, was allowed to introduce relevant evidence on his mental capacity and was allowed the opportunity to examine witnesses. The defendant received the process that was due him under the state and federal constitutions. We conclude that the defendant has failed to show that the sentencing procedure used by the court below was constitutionally deficient.

The defendant also claims that his right to due process was violated because the sentencing exception to General Statutes § 19-480a (a) is vague and standardless. Under the due process clause, a criminal statute is considered void for vagueness when the law does not give a person of ordinary intelligence a "reasonable opportunity to know what is prohibited," and when the law "impermissibly delegates basic policy matter to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned* v. *Rockford,* 408 U.S. 104, 108–109, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972); see *State* v. *Tyson,* 195 Conn. 326, 332–33, 487 A.2d 1091 (1985). Vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute. *United States* v.

---

[8] The defendant mistakenly relies on *Specht* v. *Patterson,* 386 U.S. 605, 87 S. Ct. 1209, 18 L. Ed. 2d 326 (1967). In *Specht,* the United States Supreme Court overturned a conviction on the grounds that the defendant's due process rights were violated by the state sentencing proceedings. The defendant in that case was denied the right to participate in a special hearing held after his primary conviction. New findings of fact were made by the court at that hearing and, on the basis of those findings, the defendant was subjected to greater punishment than the previous conviction alone would have sustained. In contrast, the defendant in this case (1) was allowed to participate fully in the post trial hearing, and (2) could not have been subjected to increased punishment as a result of the post trial hearing.

*Batchelder,* 442 U.S. 114, 123, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979). In considering whether a statute is unconstitutionally vague, however, "well established judicial interpretation of its provisions may be regarded as clarifying the statute and may effectively remove uncertainties which the statutory language may have created." *State* v. *Tyson,* supra, 332; see *Hamling* v. *United States,* 418 U.S. 87, 113, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974).

The defendant claims that the statute is vague because it does not sufficiently set out the burden of proof on the issue of the impairment of mental capacity. We do not agree. The defendant was put on sufficient notice that it would be his burden to present evidence on the impairment of his mental capacity. The sentencing judge assigned the burden of proof to the defendant not arbitrarily, but as a matter of law. "It is generally recognized that the state bears no initial burden of proof on matters personal to the defendant and peculiarly within his own knowledge. See 153 A.L.R. 1218, 1251–54; 29 Am. Jur. 2d, Evidence §§ 153, 154." *State* v. *Januszewski,* 182 Conn. 142, 167, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981). General Statutes § 19-474[9] explicitly places on the defendant the burden to prove the existence of any "exception, excuse, proviso or exemption" contained in the provisions of § 19-480a (a). The question presented here is very similar to the one decided in *State* v. *Januszewski,* supra, where we held that under § 19-480a (b) the defendant had the burden to introduce evidence as to his dependency on drugs. Section 19-480a (a) is therefore not impermissibly vague.

## B

The defendant next argues that the sentence he received under General Statutes § 19-480a (a) consti-

---

[9] General Statutes § 19-474 was transferred to § 21a-269 in 1983.

tutes cruel and unusual punishment in violation of the eighth amendment to the United States constitution. Again, however, the defendant has failed to sustain his burden of showing that the statute is unconstitutional.

The federal constitutional prohibition against cruel and unusual punishment proscribes not only physically barbarous punishments but also penalties that are grossly disproportionate to the offense. *Hutto* v. *Finney,* 437 U.S. 678, 685, 98 S. Ct. 2565, 57 L. Ed. 2d 522 (1978). The defendant argues that the § 19-480a (a) mandatory minimum sentence imposed on him was excessive in that it did not take into account his individual circumstances. Reviewing the record as a whole, we cannot say that the sentence received by the defendant was grossly disproportionate to the crime committed. See *State* v. *Darden,* 171 Conn. 677, 680, 372 A.2d 99 (1976). The sentencing judge heard evidence on the defendant's mental capacity and considered the fact that this was the defendant's first offense. Although that judge still imposed the mandatory minimum sentence of five years for violation of § 19-480a (a), he did sentence the defendant to the minimum and allowed him to serve that sentence concurrently with the sentence of three years received for violation of General Statutes § 19-480 (a).

## C

Finally, the defendant claims that the trial court abused its discretion in failing to apply the exception to the mandatory minimum sentence under General Statutes § 19-480a (a). Specifically, the defendant argues that the court incorrectly allocated the burden of proof, applied an incorrect standard of proof and, on the basis of the evidence presented, should have excepted the defendant from the minimum sentence.

On the issue of the burden of proof, we have already decided that the initial burden of proof was on the defendant to show that his mental capacity was sig-

nificantly impaired at the time of the transaction. See *State* v. *Januszewski,* supra. Thus, the trial court correctly allocated the burden of proof to the defendant.

On the issue of the standard of proof, we cannot extract from the record the standard the trial court applied. Because it was the defendant's duty to perfect the record for appeal by moving for an articulation under Practice Book § 3082, we cannot review the defendant's claimed error concerning the exercise of the trial court's discretion on this matter. See *Kaplan* v. *Kaplan,* 186 Conn. 387, 388 n.1, 441 A.2d 629 (1982). We have stated many times that a claim of error cannot be predicated on an assumption that the trial court acted incorrectly. See *Barra* v. *Ridgefield Card & Gift Gallery, Ltd.,* 194 Conn. 400, 407–408, 480 A.2d 552 (1984); *State* v. *Nash,* 149 Conn. 655, 659, 183 A.2d 275 (1962).

Reviewing the record as a whole, we cannot say that the trial court abused its discretion in finding that the defendant's mental capacity at the time of the August 18 transaction was not significantly impaired. " '[S]ound discretion has long meant a discretion that is not exercised arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result. . . .' (Citation omitted.)" *State* v. *Williams,* 195 Conn. 1, 8, 485 A.2d 570 (1985). The court listened to a tape recording of the August 18 meeting and was able to judge first-hand the defendant's lucidity at the time. The court weighed the conflicting testimony on the defendant's addiction to cocaine and had sufficient evidence on which to conclude that on August 18 the defendant was not significantly mentally impaired. The trial court's discretion was not exercised arbitrarily.

There is no error.

In this opinion the other judges concurred.