[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff, a licensed Day Care Center operator, against the defendant, Commissioner of the State of Connecticut Department of Human Resources. The instant complaint dated September 4, 1991, contains nine counts. However the plaintiff has withdrawn counts three and four. Counts one, two and nine of the plaintiff's revised complaint allege that the defendant's regulations and procedures regarding family day care homes and acts of the defendant in enforcing those regulations are unconstitutional under the Conn. Constitution Art. I, Sec. 7
(unreasonable search and seizures, Conn. Const. Art. Sec 8 (privacy due process) or Conn. Const. Art. 1, See 10 (equal protection/open courts.) In counts six, seven and eight of her complaint the plaintiff alleges that the defendant violated the personal data act as found in Conn. General Stat. Sec. 4-193. The defendant moves for summary judgment for the defendant on all counts of the complaint except counts six and eight.
The plaintiff moves for summary judgments as to counts one, two and five of her complaint dated September 4, 1991.
The plaintiff, Rita Spaulding, is a registered family day care provider. At various time over the years, the defendant has conducted unannounced inspections of the premises in which the plaintiff practices her business. Each of such inspections has been done with the plaintiff's permission. On one occasion when the plaintiff's permission was not forthcoming no inspection was done. Although the plaintiff protested certain of the inspections, she has never alleged that she refused to permit the inspections that were, in fact, performed.
During prior proceeding, the court, Arena, J. found that the plaintiff was mounting a facial attack on the constitutionality of those day care regulations which CT Page 10047 require unannounced inspections of family day care centers involving spot inspections and investigation of complaints.
Count one alleges that the defendant's regulations are facially unconstitutional because they authorize unlawful searches without probable cause or due process that result in a denial of equal protection and an invasion of the right of privacy. Count two alleges that the defendant's actions in conducting specific searches pursuant to those regulations violated the plaintiff's constitutional rights. Count five alleges that the defendant's future actions in applying and enforcing its regulatory scheme constitutes a continuing threat to the plaintiff that she will be subjected to unconstitutional searches and invasion of privacy. Count nine alleges that the defendant's regulations authorize the collection of medical information and records which constitutes an unconstitutional invasion of the plaintiff's right to privacy and an unlawful seizure without due process.
The State of Connecticut licenses family day care providers to insure that the families who utilize the day care centers for their children receive appropriate care and that the homes meet the health, educational and social needs of the children attending such centers. Conn. General Statutes Sec. 17-585, provides that, "The Commissioner of Human Resources shall adopt regulations in accordance with the provisions of Chapter 54 to assure that family day care homes meet the health, educational and social needs of children utilizing such homes." Pursuant thereto, the defendant has adopted and has duly enacted certain regulations which are subject to attack by the plaintiff.
An administration agency's regulations are presumed valid and, unless they are shown to be inconsistent with an authorized statute, have the full force and effect of statute. Travelers Insurance Co.v. Kulla, 216 Conn. 390,579 A.2d 525 (1990). A court should give effect to regulations if they are reasonable and consistent with law. Colony Motors, Inc. v. U.S., 280 F. Sup. 235 (1967). See also, Griffin Hospital v. Commission on Hospital and Health Care,200 Conn. 489, 512 A.2d 199 (1986), appeal dismissed107 S.Ct. 781, 479 U.S. 1023, 93 L.Ed 819 (1986).
Although a right to legitimate employment CT Page 10048 exists, it is subject to the state's exercise of its police power in order to protect the health and welfare of the public. State v. Vachon, 140 Conn. 478, 101 A.2d 509, (1953). "No one has an inalienable right to pursue a profession or vocation which requires special knowledge or peculiar skill and is therefore a proper subject for supervision in the interest of the public welfare. Amsel v. Brooks, 141 Conn. 288, 296, 106 A.2d 152 (1954).
The protection of public health "among all the objectives sought to be secured by governmental laws, none is more important, and an imperative rests on the state, through its proper instrumentalities or agencies, to take all necessary steps to promote this object." 39 Am.Jur.2d; Health Sec. 1 at 343.
There is no dispute that "absent consent or exigent circumstances, private home may not be entered to conduct a search or effect an arrest without a warrant." State v. Reagan, 209 Conn. 1, 7-8 (1988).
Looming large and in the forefront of this matter is whether consent given because failure to consent could lead to the revocation of an individuals family day care registration is valid consent. The regulations governing day care centers mandate that the plaintiff consent to inspection during normal business hours or face action against her registration. If one refuses to consent to unannounced inspection initially, one will not qualify and be registered as a day care provider. If one is already registered and withholds consent to such inspections one faces the possibility of having such registration revoked. The law indicates that consent is valid under such circumstances. State v. Taylor, 12 Conn. App. 427 (where defendant claimed his consent to a breathalyzer test was involved because if he failed to consent his motor vehicle operator's license would be suspended. The court held that such a choice did not vitiate the consent.) See also United States v. Davis,482 F.2d 913 (9th Cir. 1973) (upholding airport searches where passengers either consents to search or may not board).
In order to prevail in her claim, the plaintiff bears the burden of overcoming the presumption that a validly enacted statute is constitutional. She must prove that CT Page 10049 the statute is unconstitutional beyond a reasonable doubt. State v. Thompson, 197 Conn. 67, 77, 495 A.2d 1054 (1985). The right to engage in any lawful occupation may be qualified or restricted under the police power of the state. Oppelt v. Mayo, 26 Conn. Sup. 329, 331, 223 A.2d 47 (1966).
After a plenary review of all the documents submitted by the parties in support of their motions for summary judgment, the court finds that there is no genuine issue as to any material facts in the complaint and further, that the plaintiff has failed to prove beyond a reasonable doubt that the applicable statutes and regulations are unconstitutional.
Accordingly, the plaintiff's motion for summary judgment as to counts one, two and five of her complaint is denied. The defendant's motion for summary judgment as to counts one, two, five and seven is hereby granted.
In count seven, the plaintiff alleges that the defendant maintains a file containing personal date which is both irrelevant and unnecessary to accomplish the lawful purposes of the agency. This claim was a subject of a Freedom of Information Commission (FIC) hearing and was fully addressed at the hearing where the plaintiff was a party. The FIC in case no. FIC 88-377 determined that the materials contained in the plaintiff's day care files were matters which the public had a legitimate right to know and that the plaintiff waived her privacy rights with respect to these materials by applying for and receiving a family day car home registration. The plaintiff did not appeal from the FIC ruling and is therefore barred from seeking a review of the FIC decision in this case. Her proper avenue was an appeal in FIC 88-377.
Accordingly, the defendant's motion as to count seven of the plaintiff's complaint is granted. Here too, there is no genuine issue as to any material fact.
Orders are hereby entered denying the plaintiff's motion for summary judgment as to counts one, two and five of her revised amended complaint dated September 4, 1991, and granting the defendant's motion as to counts one, two, five, seven and nine of the defendant's revised amended complaint dated September 4, 1991.
CT Page 10050 SPALLONE STATE TRIAL REFEREE