[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO STRIKE
This is a contract action filed on October 28, 1992 in which the plaintiff, National Surety Corporation d/b/a Fireman's Fund Insurance Companies ["plaintiff"] seeks to recover unpaid insurance premiums in the amount of $37,513 from the defendant Anthony Julian Railroad Construction Company, Inc. ["defendant"]. The one count complaint alleges that the defendant and the plaintiff entered into an insurance contract on or about April 12, 1988, a fact admitted by the defendant, and that on June 1, 1988 a cancellation audit revealed a balance of $37,513 due plaintiff.
On March 5, 1993, the defendant filed an answer, along with a special defense, a counterclaim and a crossclaim.[1] The special defense alleges that the plaintiff's employees, officers or agents made material misrepresentations to the defendant "in response to defendant's inquiries prior to and concerning cancellation of the subjection contract of insurance." The first count of the CT Page 8092 counterclaim sounds in fraud and alleges that the plaintiff's agent, Ralph S. Collucci d/b/a Collucci Insurance Associates ["Collucci"], intentionally made false statements concerning the cancellation of the defendant's insurance policy to the defendant's independent insurance consultant, Robert J. Ellwanger, which the defendant subsequently relied on to its detriment. The second count of the counterclaim alleges that Collucci made negligent misrepresentations with respect to the cancellation of the defendant's insurance contract. On March 25, 1993, the plaintiff filed answers to the special defense and on April 15, 1993, the plaintiff answered the counterclaim.
On June 10, 1993, Collucci filed this motion to strike (#108) with supporting memorandum (#109), seeking to strike the first and second counts of the counterclaim on the ground that they are barred by the applicable statute of limitations. The defendant filed an objection to the motion to strike (#110) in which the defendant asserts that the counterclaim is against the plaintiff and that "[t]here is no independent claim against Collucci, other than as agent of the plaintiff." The defendant also argues that the statute of limitations is tolled on the counterclaim under Conn. Gen. Stat. 52-584. It is not necessary to address the latter argument.
A motion to strike may be used to test the legal sufficiency of the allegations of any counterclaim or counts thereof to state a claim upon which relief may be granted. Conn. Practice Book 152(1); Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). In analyzing a motion to strike, the court is limited to the facts alleged in the pleading sought to be stricken which must be construed in the light most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988).
The counterclaim alleges that Collucci "was at all times an agent, officer or employee of the plaintiff acting within the scope of his agency or employment." It also alleges that Collucci misrepresented the applicability of any penalties, charges or premium increases that might result from cancellation of the policies. Further, it alleges that as a result of these misrepresentations the defendant was damaged when it cancelled its insurance policies with the plaintiff. These allegations appear to arise out of the same transaction which is the basis for the allegations set forth in the complaint and appear sufficient to CT Page 8093 state a counterclaim against the plaintiff. See Conn. Practice Book 116; Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234,251, 520 A.2d 1008 (1987); Trimar Development Corp. v. Strupp, 1 CSCR 231 (May 26, 1992) (Mulcahy, J.).
A counterclaim "has been defined as `a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant.' 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1982 Sup.) 129b." Home Oil Co. v. Todd, 195 Conn. 333, 341, 487 A.2d 1091 (1985). The plaintiff, who has become the defendant on the counterclaim, id., has responded to the counterclaim with an answer. Collucci's efforts to characterize itself as a third-party defendant notwithstanding, see Collucci's Memorandum (#109) at fn. 1, Collucci is not an opposing party to the counterclaim and cannot plead to it. See Yale University School of Medicine v. McCarthy,26 Conn. App. 497, 502, 606 A.2d 1040 (1992). While it appears that Collucci may be a necessary party for the proper assertion of the counterclaim against plaintiff, if defendant prevails on the counterclaim the plaintiff, not Collucci, is exposed to liability.
Furthermore, even if Collucci were in a position to move to strike the counterclaim the court would be limited to the grounds specified in the motion. Blancato v. Feldspar, 203 Conn. 34, 44,522 A.2d 1235 (1987). Here, the motion is grounded on the statute of limitations. "A claim that an action is barred by the lapse of the statute of limitations must [ordinarily] be pleaded as a special defense," and may only be raised by way of motion to strike in two limited situations:
 The first is when "[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by [a motion to strike] instead of by answer." Vilcinskas v. Sears, Roebuck Co., 144 Conn. 179, 171-72, 127 A.2d 814 (1956). The second is where "a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, CT Page 8094 and not of the remedy alone." DeMartino v. Siemon, 90 Conn. 527, 528-29, 97 A. 765
(1916).
 Forbes v. Ballaro, 31 Conn. App. 235, 239-40, 624 A.2d 389 (1993).
Collucci's motion to strike does not satisfy either exception. The parties have not agreed that the counterclaim sets forth all the facts which are pertinent to determining whether the counterclaim is barred by the statute of limitations. Moreover, the defendant's counterclaim, which sounds in fraud and negligent misrepresentation, is not brought pursuant to a statute which creates a right of action nonexistent at common law and that fixes the time within which the action may be brought.
Accordingly, for the foregoing reasons, Collucci's motion to strike the defendant's counterclaim is denied.
LINDA K. LAGER, JUDGE