[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
On September 8, 2000, the plaintiff, Design Alternatives, Inc., doing business as Country Loft Antiques, filed a seven-count complaint against the defendants, Harriet Hoffman and I. Bradley Hoffman. This action arises out the defendants' alleged purchase, and subsequent nonpayment of items from the plaintiff. Counts one, two, five and seven are directed against I. Bradley Hoffman, wherein the plaintiff alleges claims for breach of contract, tortious breach of contract; conversion and tortious interference. Counts three, four and six are directed against both Harriet Hoffman and I. Bradley Hoffman, wherein the plaintiff alleges claims for breach of contract, tortious breach of contract and unjust enrichment.
In response to the aforementioned action, the defendants (counterclaim plaintiffs) filed a nine-count counterclaim against the plaintiff (counterclaim defendant).[1] In count seven of their counterclaim, the counterclaim plaintiffs allege that the counterclaim defendant was a business providing services and/or merchandise from its principal place of business located in Woodbury, Connecticut. The counterclaim plaintiffs also allege that they were the owners of certain furniture and furnishings that were removed by the counterclaim defendant. The counterclaim plaintiffs allege that despite demanding the return of the property, the counterclaim defendant has refused to return it. The counterclaim plaintiffs further allege that the counterclaim defendant converted the property for its own use.
On September 25, 2000, the counterclaim defendant filed a motion for summary judgment as to count seven of the counterclaim with an affidavit and other supporting evidence. On November 27, 2000, the counterclaim plaintiffs filed a memorandum in objection with a supporting affidavit.
A counterclaim "has been defined as a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant." (Internal quotation marks omitted.) Home Oil Co. v.Todd, 195 Conn. 333, 341, 487 A.2d 1091 (1985). "[A]ny party may move for summary judgment upon any counterclaim . . . as if it were an independent action." Practice Book § 17-44. "[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show CT Page 3175 that there is no genuine issue as to any material fact and that the moving party is entitled to judgment.as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000).
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Citations omitted; internal quotation marks omitted.) Reynolds v. Chrysler First Commercial Corp., 40 Conn. App. 725,729, 673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996). Furthermore, "[u]nsworn assertions of fact, summary conclusions of law and unsupported allegations in an affidavit do not entitle a party to a summary judgment." Scinto v. Stamm, 224 Conn. 524, 533, 620 A.2d 99
(1993).
In the present case, the counterclaim defendant argues that no issues of fact remain with regard to the counterclaim plaintiffs' conversion count. In response, the counterclaim plaintiffs argue that they have sufficiently alleged the necessary elements to make out a prima facie case of conversion. "We have defined conversion as [a]n unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. . . . It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm." AetnaLife Casualty Co. v. Union Trust Co., 230 Conn. 779, 790-91, 646 A.2d 799
(1994).
After viewing the evidence in the light most favorable to the CT Page 3176 counterclaim plaintiffs; Miles v. Foley, supra, 253 Conn. 386; the court finds that the counterclaim defendant's motion for summary judgment should be granted. In support of its motion for summary judgment, the counterclaim defendant provided evidence disputing the alleged wrongful deprivation of the counterclaim plaintiffs' items. Carole A. Winer, president and sole shareholder of Design Alternatives, does not dispute that the counterclaim plaintiffs requested, through their attorney, the return of the items. (Winer affidavit, ¶ 5.) She does state, however, that she wrote to the counterclaim plaintiffs suggesting they pick up the items or arrange for their delivery prior to. receiving the counterclaim plaintiffs' request. (Winer affidavit, ¶ 8.) Additionally, subsequent to the counterclaim plaintiffs' request, Winer directed her attorney to send letters to the counterclaim plaintiffs' attorney reiterating that the counterclaim plaintiffs' items are available to them. (Winer affidavit, ¶ 9.) Upon review of those letters, the court finds that the counterclaim defendant was willing to return the items and that the counterclaim plaintiffs' property rights were not dealt with in a manner inconsistent with their rights of dominion and to their harm. Aetna Life Casualty Co. v. Union TrustCo., supra, 230 Conn. 790-91.
To rebut the counterclaim defendant's evidence, the counterclaim plaintiffs submitted the affidavit of I. Bradley Hoffman. As a preliminary matter, Hoffman's affidavit is nothing more than a reprinted version of the counterclaim. Hoffman's affidavit contains the same language, including the same legalese, that is found in the counterclaim. Moreover, Hoffman fails to allege specific facts necessary to defeat the counterclaim defendant's motion for summary judgment. Reynolds v.Chrysler First Commercial Corp., supra, 40 Conn. App. 729. Merely asserting that the counterclaim defendant deprived the counterclaim plaintiffs of their property is insufficient to establish the existence of a material fact. Id. Unsupported allegations in an affidavit do not entitle a party to a summary judgment; Scinto v. Stamm, supra,224 Conn. 533.
For the foregoing reasons the counterclaim defendant's motion for summary judgment is hereby granted as to count seven of the counterclaim.
By the Court,
Joseph W. Doherty, Judge