STATE OF CONNECTICUT *v.* GARY BLACKWELL
(7037)

DALY, O'CONNELL and NORCOTT, Js.

Argued September 13—decision released October 31, 1989

*Donald D. Dakers,* public defender, for the appellant (defendant).

*Julia DiCocco Dewey,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Patrick J. Clifford,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a)[1] and sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1).[2] He does not appeal his conviction for risk of injury to a child in violation of General Statutes § 53-21 that arose out of the same events.

The defendant makes two claims of error. First, he asserts that he was unconstitutionally punished twice

---

[1] General Statutes § 53a-70 (a) provides in pertinent part: "A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person . . . ."

[2] General Statutes § 53a-71 (a) provides in pertinent part: "A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under sixteen years of age . . . ."

for the same offense. Second, he claims that the trial court improperly denied his motion to suppress certain pornographic materials that were seized without a search warrant. We find no error.

The jury could reasonably have found the following facts. The victim was a fifteen year old boy who frequented the amusement arcade where the defendant was employed. The defendant cultivated a friendship with the victim, and on numerous occasions showed him pornographic magazines and playing cards that the defendant kept in the employees' bathroom, a facility generally not available to the public. On July 9, 1987, the victim obtained permission to use this bathroom. Shortly after the victim had entered and locked the bathroom door, the defendant unlocked the door and came into the room. He then held a seven inch sheath knife to the victim's throat and sexually assaulted him.

I

In his first claim of error, the defendant argues that his convictions for first and second degree sexual assault violate the constitutional prohibitions against double jeopardy because both arise from the same incident. He bases his argument not on the fifth amendment to the United States constitution but rather on our state constitution.[3] We note that Connecticut courts have consistently followed the double jeopardy analysis used in the federal courts. See, e.g., *State* v. *Thompson,* 197 Conn. 67, 71–73, 495 A.2d 1054 (1985); *State* v. *Rothenberg,* 195 Conn. 253, 264–65, 487 A.2d 545 (1985); *State* v. *Delgado,* 19 Conn. App. 245, 249–56, 562 A.2d 539 (1989). As the defendant has failed to pro-

[3] Although the Connecticut constitution does not contain a specific double jeopardy provision, the common law rule against double jeopardy has been adopted as necessary through the due process guarantee of article first, § 9. *Kohlfuss* v. *Warden,* 149 Conn. 692, 695, 183 A.2d 626, cert. denied, 371 U.S. 928, 83 S. Ct. 298, 9 L. Ed. 2d 235 (1962).

pose any new analysis or indicate any significant distinction that would lead us to conclude that his prosecution violated the double jeopardy protection of our state, but not the federal constitution, we will apply the established analysis.

The defendant's claim involves "that strand of double jeopardy jurisprudence that 'protects against multiple punishments for the same offense.' *North Carolina* v. *Pearce,* 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969)." *State* v. *Delgado,* supra, 250. Double jeopardy protection is compromised only if the charges arise out of the same act or transaction *and* if the charged crimes are in reality the same offense. *State* v. *Snook,* 210 Conn. 244, 264, 555 A.2d 390, cert. denied, U.S. ; 109 S. Ct. 3258, 106 L. Ed. 2d 603 (1989). Because there is no dispute that the charges here grew out of only one incident, we must determine whether they are, for the purposes of double jeopardy analysis, the same crime.

In situations such as this, "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger* v. *United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); *State* v. *Snook,* supra. Even though there may be considerable overlap in the evidence offered to prove each crime, the cases are not the same under *Blockburger* if each statute requires proof of a fact that the other does not. *Iannelli* v. *United States,* 420 U.S. 770, 785 n.17, 95 S. Ct. 1284, 43 L. Ed. 2d 616 (1975); *State* v. *Lonergan,* 16 Conn. App. 358, 365–66, 548 A.2d 718 (1988), cert. granted on other grounds, 210 Conn. 812, 556 A.2d 611 (1989).

The defendant concedes, as he must, that under the *Blockburger* test, sexual assault in the second degree is not a lesser included offense of sexual assault in the first degree. This concession recognizes that it is possible to commit sexual assault in the first degree without first having committed sexual assault in the second degree. *State* v. *Franko,* 199 Conn. 481, 494, 508 A.2d 22 (1986). The plain language of the two statutory sections indicates that while sexual assault in the first degree requires proof of force or threatened use of force, sexual assault in the second degree does not. Id. Furthermore, in order to convict a defendant of sexual assault in the second degree, the state must show that the victim was under the age of sixteen. Id. The statute proscribing sexual assault in the first degree contains no similar requirement. Id. The defendant is incorrect when he contends that these distinctions are merely nominal and that the crimes are substantially the same for double jeopardy purposes. Application of the *Blockburger* test demonstrates that these are separate crimes for which the defendant could be prosecuted and punished without violating the prohibition against double jeopardy.

This does not end our analysis, however. As this court recently discussed, the *Blockburger* test is not a conclusive presumption but a rule of statutory construction that may be rebutted by showing a clear legislative intent that the two statutes be treated as one for double jeopardy purposes. *State* v. *Delgado,* supra, 255.

The defendant has not convinced us that the legislature intended that sexual assault in the first degree and sexual assault in the second degree be two crimes, nominally distinct, for which only one penalty could be imposed. As already noted, it is possible to convict a defendant of one crime and not the other because each requires proof of facts that the other does not. *State* v. *Franko,* supra, 494. The gravamen of sexual assault

in the first degree is the protection of all persons from being compelled to engage in sexual activity by force or threat of force. On the other hand, the statute proscribing sexual assault in the second degree was drafted to prohibit persons from engaging in sexual activity with individuals who are deemed to lack the capacity to consent.[4] There is no indication that these two clearly separate offenses were intended by the legislature to constitute one crime for double jeopardy purposes.

There is no error on the defendant's first claim.

## II

The defendant's second claim arises out of the trial court's denial of his motion to suppress certain evidence. As part of their investigation, the police obtained a warrant authorizing them to search the amusement arcade for the knife and the pornographic materials. The latter were sought as evidence and as instrumentalities of the risk of injury offense. When this search proved unsuccessful, the officers obtained a second search warrant, that one for the defendant's residence. The second warrant was for only the knife. In the course of the search of the defendant's residence, an officer opened a drawer in a night table next to the defendant's bed and saw pornographic material that he recognized as that described by the victim. The officer seized a portion of the material and photographed the remainder.

---

[4] In addition to persons under sixteen years of age, General Statutes § 53a-71 (a) also prohibits sexual intercourse with a person who is "(2) mentally defective or mentally incapacitated to the extent that he is unable to consent to such sexual intercourse, or (3) physically helpless, or (4) less than 18 years old and the actor is such person's guardian or otherwise responsible for the general supervision of such person's welfare, or (5) in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over such other person."

The defendant moved to suppress that material on the grounds that it was seized in violation of the defendant's rights against unlawful searches and seizures under the fourth, fifth, sixth and fourteenth amendments to the United States constitution and unspecified portions of the state constitution.[5] The trial court denied the motion on the ground that the items had been discovered inadvertently during a legal search of the night table and, therefore, the seizure was lawful under the plain view doctrine. We agree.

It is well established that "where a police officer has a warrant to search a given area for specified objects, and in the course of the search comes across some other article of incriminating character the property is seizable under the plain view doctrine." *United States* v. *Pacelli,* 470 F.2d 67, 70 (2d Cir. 1972), cert. denied, 410 U.S. 983, 93 S. Ct. 1501, 36 L. Ed. 2d 178 (1973); *State* v. *Hobson,* 8 Conn. App. 13, 18, 511 A.2d 348 (1986), cert. denied, 480 U.S. 917, 107 S. Ct. 370, 94 L. Ed. 2d 686 (1987). "The test for plain view seizures requires (1) that the police intrusion which leads up to the view must be legal; (2) that the discovery of the evidence must be inadvertent; and (3) that the police must have probable cause to believe there is a reasonable relation between the evidence seized and the criminal behavior under investigation." *State* v. *Altrui,* 188 Conn. 161, 179, 448 A.2d 837, 846 (1982), citing *Coolidge* v. *New*

---

[5] Although the defendant relies on both the federal and state constitutions, he offers no separate analysis of the Connecticut constitution as a basis for different treatment of his federal and state constitutional claims. We decline to undertake such analysis. See *State* v. *Camerone,* 8 Conn. App. 317, 321 n.1, 513 A.2d 718 (1986).

The defendant also claims, for the first time on appeal, that the seizure of the material was barred by the first amendment to the United States constitution. We note that his motion to suppress in the trial court was not grounded on the first amendment. We are not bound to consider claims of law not distinctly raised below. *State* v. *Petterson,* 17 Conn. App. 174, 185, 551 A.2d 763 (1988).

*Hampshire,* 403 U.S. 443, 466, 91 S. Ct. 2022, 29 L. Ed. 2d 564, reh. denied, 404 U.S. 874, 92 S. Ct. 26, 30 L. Ed. 2d 120 (1971).

The defendant argues that the discovery in this case was not inadvertent because the police should have known that the pornographic materials were as likely as the knife to be in the defendant's apartment, and they should have included them in the search warrant. The mere fact, however, that the police were aware of the possibility that they might find incriminating evidence in the defendant's apartment is not enough to render the search unlawful if "they did not anticipate the discovery or know in advance the location of the evidence and intend to seize it." *State* v. *Pepe,* 176 Conn. 75, 80, 405 A.2d 51 (1978). The record here does not demonstrate that the officers knew the pornographic material was in the night table and went there intending to seize it, using the search warrant for the knife as a subterfuge.

The police were properly on the premises searching for a knife. They lawfully opened a night table drawer and observed, in plain view, the pornographic material which they recognized as evidence and instrumentalities of the crime of injury or risk of injury to a child, a crime that they were investigating. The denial of the motion to suppress was proper.

There is no error.

In this opinion the other judges concurred.