## STATE OF CONNECTICUT *v.* DOLPHUS FUDGE
## (7765)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued December 5, 1989—decision released February 13, 1990

*John T. Walkley,* special public defender, for the appellant (defendant).

*Vincent J. Dooley,* deputy assistant state's attorney, with whom, on the brief, was *Michael Dearington,* state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of the crimes of robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (4) and 53a-8, larceny in the first degree in violation of General Statutes §§ 53a-119, 53a-122 (a) (2) and 53a-8, and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-134 (a) (4). The defendant claims (1) that the evidence was insufficient to sustain the verdict, (2) that his simultaneous convictions for robbery in the first degree and conspiracy to commit robbery in the first degree violated his double jeopardy rights, and (3) that the court erred in instructing the jury on accomplice liability. We find no error.

The charges against the defendant relate to an armed robbery of a bank in New Haven on June 30, 1983. Testimony at trial by the state's key witness showed that the defendant helped to plan the crime but did not participate in the actual robbery, which was committed by two other participants. The robbery and larceny convictions were based on General Statutes § 53a-8, which provides for accessorial liability. Additional facts are included in the discussion of the first issue.

I

The defendant first argues that the evidence was insufficient to support his convictions for larceny in the first degree and robbery in the first degree.[1] In reviewing a sufficiency of evidence claim, we give the evidence the construction most favorable to sustaining the verdict. *State* v. *Ruth,* 16 Conn. App. 148, 153–54, 547 A.2d 548 (1988), cert. denied, 209 Conn. 827, 552 A.2d

---

[1] The defendant, in his statement of issues, also claimed that the evidence was insufficient to support his conspiracy conviction. He failed, however, to develop this claim in his brief. " ' "Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." ' " *Aillon* v. *Meachum,* 211 Conn. 352, 356 n.4, 559 A.2d 206 (1989).

434 (1989). We then determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State* v. *Kelly,* 208 Conn. 365, 386, 545 A.2d 1048 (1988).

The state proceeded under the theory that the defendant was guilty as an accessory to the crimes of robbery in the first degree and larceny in the first degree and not that he directly participated in their commission. See General Statutes § 53a-8.[2] In support of this theory, the jury could reasonably have found the following facts. The robbery was planned in the apartment of the state's key witness. The defendant arrived at the apartment the day before the robbery, accompanied by the men later convicted of committing the holdup. The defendant and the others had driven from New York in a van that the witness believed belonged to the defendant. That evening, the defendant and the others discussed the robbery, and the defendant, who was older than the others, did most of the talking. It was decided that the defendant would drive the getaway car while the others entered the bank. The conspirators also decided that they would plant a fake bomb in another location in order to distract the police while the robbery was in progress.

The defendant was present when the fake bomb was prepared. In addition, the next day he twice instructed the witness to call a local television station and report the bomb threat. After the call was made, the defendant and the robbers left the witness' apartment together.

The defendant does not dispute the sufficiency of the evidence to convict the other men of the actual rob-

---

[2] General Statutes § 53a-8 provides: "A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

bery and larceny. He claims instead that the state failed to show that he intended that conduct constituting a crime be performed.

To justify a conviction as an accessory, the state must prove both that the defendant had the intent to aid the principal and that, in so aiding, he had the intent to commit the crime. *State* v. *Foster,* 202 Conn. 520, 525–26, 522 A.2d 277 (1987); *In re Elieser C.,* 14 Conn. App. 445, 449, 541 A.2d 528 (1988). " 'Mere presence as an inactive companion, passive acquiescence, or the doing of innocent acts which may in fact aid the one who commits the crime must be distinguished from the criminal intent and community of unlawful purpose shared by one who knowingly and willingly assists the perpetrator of the offense in the acts which prepare for, facilitate, or consummate it. *State* v. *Laffin,* 155 Conn. 531, 536, 235 A.2d 650 (1967).' " *State* v. *Smith,* 15 Conn. App. 122, 127, 543 A.2d 301 (1988).

It is the duty of the jury to determine what inferences may properly be drawn from the evidence. *State* v. *Smith,* 212 Conn. 593, 602–603, 563 A.2d 671 (1989). We conclude that, on the basis of the evidence available, the jury could reasonably infer that the actions of the defendant were inconsistent with any innocent purpose and that the defendant knowingly and intentionally participated in the crimes of robbery and larceny.

The evidence, therefore, was sufficient to sustain a conviction on the robbery and larceny counts.

II

The defendant next argues that his convictions of conspiracy to commit robbery in the first degree and of being an accessory to the commission of robbery in

the first degree violate the constitutional prohibition against double jeopardy.[3] We find no such violation.

The defendant's claim implicates " 'that strand of double jeopardy jurisprudence that "protects against multiple punishments for the same offense." *North Carolina* v. *Pearce,* 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969).' " *State* v. *Blackwell,* 20 Conn. App. 193, 196, 565 A.2d 549 (1989). The defendant's double jeopardy rights are violated only if the charges arise out of the same act or transaction *and* the crimes charged are in fact the same offense. Id. Our analysis here focuses on the second prong. It is fundamental constitutional law that where the charges arise out of the same transaction, they are not the same offense for double jeopardy purposes if each statute requires proof of a fact that the other does not.[4] *Blockburger* v. *United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 2d 306 (1932); *State* v. *Blackwell,* supra. The conspiracy charge required proof of an agreement, and the accessory to robbery charge did not. The accessory to robbery charge required proof of an actual larceny, and the conspiracy charge did not.

The defendant tries to surmount this obstacle by arguing that participation in a robbery as an accessory necessarily requires an agreement between the participants. This argument is flawed. One element of the separate and distinct crime of conspiracy is an unlaw-

---

[3] Although this claim was not properly preserved at trial, the state concedes that it is reviewable under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1923). See also *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We agree and thus review the claim.

[4] The *Blockburger* test is not a conclusive presumption but a rule of statutory construction. *State* v. *Blackwell,* 20 Conn. App. 193, 197, 565 A.2d 549 (1989); *State* v. *Delgado,* 19 Conn. App. 245, 255, 562 A.2d 539 (1989). The defendant may rebut the *Blockburger* presumption "by showing a clear legislative intent that the two statutes be treated as one for double jeopardy purposes." *State* v. *Blackwell,* supra. The defendant has failed to make any effort to prove such intent on the part of the legislature.

ful agreement. " 'There is, however, no such crime as "being an accessory." . . . The defendant is charged with committing one substantive offense; "[t]he accessory statute merely provides alternate means by which a substantive crime may be committed." . . . ' " (Citations omitted.) *In re Luis R.*, 204 Conn. 630, 637, 528 A.2d 1146 (1987). It has long been the law of this state that there is no practical distinction in being labelled an accessory or a principal for the purpose of determining criminal responsibility. Id. Thus, the substantive crime with which the defendant was charged was robbery, and an agreement with another person is not an element of robbery.

### III

In his third claim of error, the defendant argues that the trial court's instruction on accessorial liability was erroneous because it failed to include reference to the dual intent requirement. The defendant neither requested an instruction on dual intent nor took an exception to the charge as given. He now, however, seeks review under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). See also *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989). At oral argument, the defendant conceded that this claim is not reviewable if we find *State* v. *Foshay,* 12 Conn. App. 1, 23–24, 530 A.2d 611 (1987), to be applicable. The *Foshay* court considered a claim identical to the one presented here. In both *Foshay* and the present case, the trial court read General Statutes § 53a-8 in full to the jury. The *Foshay* court held that such a claim was not truly of constitutional proportion and accordingly was not reviewable under the *Evans* doctrine. Since *Foshay* is directly on point and is controlling, the defendant's third claim of error is not reviewable.

There is no error.

In this opinion the other judges concurred.