[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (#123)
The plaintiff, which sues on a promissory note having a demand clause, has moved for summary judgment with reference to each of the four counts of the defendants' counterclaim. In support of its motion, the plaintiff has filed a memorandum of law and documentation which includes an affidavit of a former officer of the plaintiff, his deposition testimony, deposition testimony of one whom the defendants claim is a key witness in support of their claims, a copy of a promissory note, and a copy of correspondence.
Briefly, the damages claimed by the defendants are profits lost as a result of an unconsummated sale of real estate. It is claimed that the closing of title did not occur because of the lawsuit brought by the plaintiff and, in connection therewith, a prejudgment remedy of attachment of the real estate. This, it is claimed, caused the prospective purchaser-developer, Keith Mahler, to have second thoughts and to back out of his agreement to buy.
Apart from the fact that Mr. Mahler's deposition testimony is unsupportive, if not in contradiction of the defendants' claims, the defendants have not filed an objection to the plaintiff's motion, or any counter affidavits or documentation of any kind. Practice Book, 380. Moreover, despite a counterclaim sounding in four distinct causes of action (negligence, unfair trade practice, abuse of process, and interference with a contractual relationship), the defendants have chosen to file no memorandum of law addressing any of the issues raised. Practice Book, 204.[1]
Plaintiff's counsel has implied at the time of oral argument that the strategy of the defendants is to stall for time.[2]
The defendants' egregious inattention to the case justifies immediate and favorable action on the motion, notwithstanding any material issues of fact which may exist. Cawley v. Schochat,21 Conn. App. 118, 121 (1990). Nevertheless, the court is reluctant to take such drastic action, in part because of the significant amount of the plaintiff's claim, without affording the defendants a final opportunity to comply with the rules of practice.
The defendants are ordered within fifteen (15) days of the date hereof to file a responsive memorandum of law addressing the issues raised by the plaintiff's motion, particularly that which relates to Mr. Mahler's deposition testimony. Upon non-compliance with this order, the motion for summary judgment is granted CT Page 6470 forthwith.
So ordered.
GAFFNEY, J.