STATE OF CONNECTICUT *v.* ESSAID MEZRIOUI
(9836)

LAVERY, LANDAU and CRETELLA, Js.

Argued September 23, 1991—decision released January 21, 1992

*Martin Zeldis,* assistant public defender, for the appellant (defendant).

*Julia DiCocco Dewey,* assistant state's attorney, with whom, on the brief, were *John Bailey,* state's attorney, and *Edward Narus,* assistant state's attorney, for the appellee (state).

LAVERY, J. After a jury trial, the defendant was convicted of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) and sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1) (B). In this appeal, the defendant claims (1) that there was insufficient evidence presented at trial to prove beyond a reasonable doubt that he violated either of the sexual assault statutes charged, (2) that both § 53a-70 (a) and § 53a-72a (a) (1) (B), as applied to the facts of this case, are unconstitutionally vague, (3) that the prohibition against double jeopardy was violated by his trial and punishment for both § 53a-70 (a) and § 53a-72a (a) (1) (B), and (4) that the trial court's instructions to the jury unfairly marshalled the evidence and misstated important evidentiary facts, thus depriving him of a fair trial. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On the evening of October 4, 1989, the victim and several female friends went to a Manchester bar to celebrate the upcoming marriage of one of the women. The bar featured male dancers, who gradually disrobed

while dancing for the all female audience. At the conclusion of the performance, at approximately 10 p.m., the bar was opened to male patrons as well.

The defendant arrived at the bar at approximately 11 p.m. A short time after his arrival, the defendant began dancing with one of the victim's female friends. During this time, the victim and her friends discussed the possibility of getting some marihuana. Later, the defendant offered the victim some marihuana.

The victim informed her friends that she would return shortly and followed the defendant to his car. The two entered the car, where the defendant told the victim that he did not want to give her the marihuana because the police patroled the area. He then told her that he did not have any marihuana with him, but that he could get some at a nearby house.

After driving for approximately ten minutes, the defendant began making sexual advances toward the victim and threatened to beat her. The victim tried to dissuade the defendant by telling him that she was infected with the AIDS virus. When the defendant persisted, the victim attempted to discourage him by telling him that she was menstruating. The defendant again threatened her. After the defendant demanded that the victim remove her clothing, he fondled her breasts, and then engaged in intercourse with her. The victim testified that she had submitted due to fear of bodily harm.

After the assault, the victim left the car to get dressed. When she returned to the car, she told the defendant she knew where they could get some drugs, and directed him to the home of a close friend in East Hartford. Upon their arrival, the victim entered the house while the defendant waited outside in his car. The victim had hidden her brassiere in the car as proof of the incident. The victim told her friend that she had

been raped and called the police, indicating that her assailant was parked in the car in front of the house. Shortly thereafter, East Hartford police officers arrived, arrested the defendant, and, after determining that the incident had taken place in Manchester, contacted the Manchester police department. Throughout this period, the victim alternated between being calm and being agitated. After the victim's husband arrived, he took her to Manchester Memorial Hospital where a physical examination was performed.

## I

The defendant first asserts that there was insufficient evidence presented at trial to prove beyond a reasonable doubt that he violated either General Statutes § 53a-70 (a) or § 53a-72a (a) (1) (B). "The two-part test for appellate analysis of a claim of evidentiary insufficiency is well established. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have . . . established guilt beyond a reasonable doubt." *State* v. *Montanez*, 219 Conn. 16, 19, 592 A.2d 149 (1991). The inquiry on appeal is whether the evidence is sufficient to prove the elements of the crimes. In the present case, the elements involved are (1) sexual intercourse; § 53a-70 (a); and sexual contact; § 53a-72a (a) (1) (B); and (2) the use or threat of force.

The defendant concedes that he had sexual intercourse and sexual contact with the victim but contends that the victim consented, or that he reasonably believed that the victim's conduct, under all the circumstances, indicated her consent. In *State* v. *Smith,* 210 Conn. 132, 142, 554 A.2d 713 (1989), our Supreme Court stated that "whether a complainant should be found to have consented [in a sexual assault case]

depends on how her behavior would have been viewed by a reasonable person under the surrounding circumstances." The defendant maintains that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that the victim's conduct indicated a lack of consent. We disagree.

At trial, the victim testified that she did not want to engage in sexual activity with the defendant. She attempted to dissuade the defendant from continuing his sexual advances by making two separate statements. First, she told him that she was infected with the AIDS virus. When the defendant persisted, she told him that she was menstruating. Despite her statements, the defendant insisted that they engage in sexual activity, threatening her with physical violence. At that point, the victim submitted to the defendant's demands.

We are unpersuaded by the defendant's contention that the jury could not have found the victim's lack of consent beyond a reasonable doubt. Although the victim never said "no" or "stop," such an explicit verbal rejection of unwanted sexual advances is not required by *State* v. *Smith,* supra. Similarly, it is not necessary that the victim physically resist the unwanted sexual advances. *State* v. *Mastropetre,* 175 Conn. 512, 522–23, 400 A.2d 276 (1978). The fact that the victim eventually submitted to the defendant's demands after he threatened the use of force does not amount to consent on her part. Indeed, "where forcible compulsion is proven beyond a reasonable doubt, a lack of consent is implicit." *State* v. *Clinkscales,* 21 Conn. App. 411, 419, 574 A.2d 243 (1990). Therefore, when, as here, a victim submits to unwanted sexual advances after being subjected to force or a threatened use of force, such submission does not pardon the use of force. See *State* v. *Rodgers,* 198 Conn. 53, 61, 502 A.2d 360 (1985). In the present case, we conclude that the cumulative

force of the evidence presented at trial was sufficient to support the jury's verdict on each of the sexual assault charges.

## II

The defendant's second claim is that General Statutes §§ 53a-70 (a)[1] and 53a-72a (a) (1) (B)[2] are unconstitutionally vague as applied to the facts of this case. This claim is raised for the first time on appeal, and the defendant seeks review under *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1990), and *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973).

"*State* v. *Golding,* supra, establishes that a defendant cannot prevail on an unpreserved constitutional claim unless all four conditions are met, any one of which may be considered first."[3] *State* v. *Shaw,* 24 Conn. App. 493, 497, 589 A.2d 880 (1991). Under the third *Golding* condition, the defendant can prevail only

---

[1] General Statutes § 53a-70 (a) provides: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[2] General Statutes § 53a-72a (a) provides: "A person is guilty of sexual assault in the third degree when such person (1) compels another person to submit to sexual contact . . . (B) by the threat of use of force against such other person or against a third person, which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[3] A defendant "can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1990).

if the alleged constitutional violation clearly exists and clearly deprived him of a fair trial. *State* v. *Golding,* supra, 240.

A penal statute must be sufficiently defined to enable a person to know what conduct must be avoided. *State* v. *Pickering,* 180 Conn. 54, 59–60, 428 A.2d 322 (1980). Unless first amendment freedoms are involved, a claim that a statute is void for vagueness is determined by its applicability to the particular facts presented. Id., 57. The defendant contends that the victim chose not to resist his advances, and was intimidated solely by the size of the defendant and the unfamiliarity of the surroundings, rather than by the use of force or threat of the use of force. The victim, however, was not wholly passive in that she attempted to dissuade the defendant by telling him that she was infected with the AIDS virus and was menstruating. Nor was the victim intimidated solely by the size of the defendant and the unfamiliarity of the surroundings. The victim submitted to the defendant's demands only after he threatened her.

Our Supreme Court in *State* v. *Smith,* supra, on facts similar to those here, rejected the same vagueness claim. The language of the challenged statutory provisions is perfectly clear when applied to the facts of this case. We conclude that the defendant has thus failed to meet the third *Golding* condition and his claim must necessarily fail. *State* v. *Tweedy,* 219 Conn. 489, 511, 594 A.2d 906 (1991); *State* v. *Golding,* supra, 240.

### III

The defendant's next claim is that he committed only one sexual act, and may not be convicted twice on the basis of that act. He bases his argument on the fifth and fourteenth amendments to the United States constitution. We disagree.

It is well established that the double jeopardy clause of the fifth amendment prohibits multiple punishments for the same offense. *State* v. *Snook,* 210 Conn. 244, 264, 555 A.2d 390, cert. denied, 492 U.S. 924, 109 S. Ct. 3258, 106 L. Ed. 2d 603 (1989); *State* v. *Thompson,* 197 Conn. 67, 72, 495 A.2d 1054 (1985); *State* v. *Delgado,* 19 Conn. App. 245, 250, 562 A.2d 539 (1989). In the context of a single trial, double jeopardy analysis is a two-step process. "First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met." *State* v. *Devino,* 195 Conn. 70, 74, 485 A.2d 1302 (1985). We apply this analysis with reference to the charging documents. Id., 75; *State* v. *Hart,* 23 Conn. App. 746, 757, 585 A.2d 103, cert. granted, 217 Conn. 811, 587 A.2d 152 (1991). The issue, though essentially constitutional, becomes one of statutory construction. *State* v. *Madera,* 198 Conn. 92, 109, 503 A.2d 136 (1985).

First, we must determine whether the defendant's actions constituted the same act or transaction. The information charges that each crime took place on October 4, 1989, in Manchester, but is silent as to the exact time of each crime charged. The defendant pursued neither a statement of essential facts nor a bill of particulars.[4] The parties concede that both crimes charged relate to the defendant's conduct in his car, but it is unclear exactly what act of the defendant supported the conviction of sexual assault in the third degree.

The trial court instructed the jury that contact with either the groin or the breasts of the victim would support a verdict against the defendant on the charge of

---

[4] We note that the "defendant's failure to pursue a motion for a bill of particulars complicates this inquiry." *State* v. *Flynn,* 14 Conn. App. 10, 17, 539 A.2d 1005, cert. denied, 488 U.S. 891, 109 S. Ct. 225, 102 L. Ed. 2d 215 (1988).

sexual assault in the third degree. Intercourse and incidental contact with the groin, however, is only one act, because all acts of vaginal intercourse will necessarily include at least some incidental contact with the groin. It is unclear whether the jury relied on the contact with the breasts or the contact with the groin to support the verdict against the defendant on the charge of sexual assault in the third degree. We must therefore conclude that, for the purposes of double jeopardy analysis, the crimes charged arose out of the same act or transaction. *State* v. *Flynn,* 14 Conn. App. 10, 17, 539 A.2d 1005, cert. denied, 488 U.S. 891, 109 S. Ct. 225, 102 L. Ed. 2d 215 (1988).

We must next determine whether the charged crimes constitute only one offense. For purposes of double jeopardy analysis, "the test to be applied to determine whether there are two offenses or only one, is whether each [statutory] provision requires proof of a fact which the other does not." *Blockburger* v. *United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); *State* v. *Tweedy,* supra; *State* v. *Gilchrist,* 24 Conn. App. 624, 627, 591 A.2d 131, cert. denied, 219 Conn. 905, 593 A.2d 131 (1991). In applying the *Blockburger* test, we are permitted to examine only the charging documents and the relevant statutory provisions. *State* v. *Greco,* 216 Conn. 282, 291, 584 A.2d 425, (1990); *State* v. *Lonergan,* 213 Conn. 74, 79, 566 A.2d 677, cert. denied, 496 U.S. 905, 110 S. Ct. 2586, 110 L. Ed. 2d 267 (1989). We are prohibited from examining the evidence presented at trial.[5] Indeed, "[i]n making this determination, we are concerned with theoretical possibilities, and

[5] The present case involves multiple offenses charged during a single prosecution and should not be confused with the line of cases involving successive prosecutions. In cases involving successive prosecutions, we are permitted to examine not only the charging documents and the relevant statutory provisions, but also the evidence presented at trial. *State* v. *Lonergan,* 213 Conn. 74, 91–92, 566 A.2d 677 (1989).

do not focus on the evidence presented." *State* v. *De Matteo,* 13 Conn. App. 596, 603, 538 A.2d 1068 (1988).[6]

In the present case, there is merely a brief long form information charging the defendant with "Sexual Assault in the First Degree" and "Sexual Assault in the Third Degree." The information is sufficient pursuant to Practice Book § 618 although it sets forth only minimal data on the alleged criminal activity. *State* v. *Spigarolo,* 210 Conn. 359, 382, 556 A.2d 112, cert. denied, 493 U.S. 933, 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989); *State* v. *Frazier,* 194 Conn. 233, 236, 478 A.2d 1013 (1984). The burden rests on the defendant to request a bill of particulars and a statement of essential facts[7] more precisely defining the manner in which he committed the offense.[8] *State* v. *Osman,* 21 Conn. App. 299, 310, 573 A.2d 743 (1990), rev'd on other grounds, 218

---

[6] Connecticut courts have applied double jeopardy analyses to sexual assault statutes on previous occasions. First degree sexual assault and second degree sexual assault are separate offenses. *State* v. *Blackwell,* 20 Conn. App. 193, 197–98, 565 A.2d 549 (1989). Similarly, convictions of sexual assault in the second degree and sexual assault in the third degree do not constitute double jeopardy. *State* v. *Snook,* 210 Conn. 244, 555 A.2d 390. Convictions of attempted sexual assault in the first degree and sexual assault in the first degree do not constitute double jeopardy. *State* v. *Anderson,* 211 Conn. 18, 29, 557 A.2d 917 (1989). The crimes of sexual assault in the third degree and sexual assault in the fourth degree are separate offenses; *State* v. *Hufford,* 205 Conn. 386, 393, 533 A.2d 866 (1987); and the crime of risk of injury to a child under sixteen years of age is not the same offense as either sexual assault in the second degree or sexual assault in the fourth degree. *State* v. *James,* 211 Conn. 555, 587, 560 A.2d 426 (1989).

In *State* v. *Arline,* 25 Conn. App. 653, 658, 596 A.2d 7, cert. granted on other grounds, 220 Conn. 924, 598 A.2d 364 (1991), the state and the defendant stipulated that sexual assault in the third degree is a lesser included offense of sexual assault in the first degree. The decision, however, turned on whether the defendant was entitled to a charge on sexual assault in the third degree and concluded that he was not because there was no evidence to justify a conviction on that charge.

[7] See Practice Book §§ 831 and 625.

[8] The long form information provided in part: "[A]ccuses Essaid Mezrioui . . . of kidnapping in the first degree and charges that at the Town of Manchester on or about the 4th day of October, 1989, the said Essaid Mezrioui abducted another, to wit: the victim, and restrained her with intent to accomplish or advance the commission of a felony, in violation of Connecticut General Statutes § 53a-92 (a) (2) (B).

Conn. 432, 589 A.2d 1227 (1991). Although the record in the present case is replete with motions, the defendant sought neither a bill of particulars nor a statement of essential facts. Our analysis, therefore, is severely limited in that we can look to only the brief long form information and the sexual assault statutes charged.

Sexual assault in the first degree requires proof of sexual intercourse.[9] Sexual assault in the third degree, on the other hand, requires proof of sexual contact,[10] which must be for the purpose of either (1) the sexual gratification of the actor, (2) the humiliation of the victim, or (3) the degradation of the victim. Each statutory provision requires proof of a fact that the other does not. Sexual assault in the first degree requires proof of sexual intercourse; sexual assault in the third

"Count Two–And the undersigned assistant state's attorney further accuses Essaid Mezrioui of sexual assault in the first degree, and charges that at the Town of Manchester, on or about the 4th day of October, 1989, the said Essaid Mezrioui compelled another, to wit: the victim, to engage in sexual intercourse by the use of force against her and the threat of use of force against her which reasonably causes such person to fear physical injury, in violation of Connecticut General Statutes § 53a-70 (a).

"Count Three–And the undersigned assistant state's attorney further accuses Essaid Mezrioui of sexual assault in the third degree and charges that at the Town of Manchester, on or about the 4th day of October, 1989, the said Essaid Mezrioui compelled another, to wit: the victim, to submit to sexual contact by the threat of use of force against such other person, which reasonably causes such person to fear physical injury, in violation of Connecticut General Statutes § 53a-72a (a) (1) (B)."

[9] General Statutes § 53a-65 (2) provides: " 'Sexual intercourse' means vaginal intercourse, anal intercourse, fellatio or cunnilingus between persons regardless of sex. Penetration, however slight, is sufficient to complete vaginal intercourse, anal intercourse or fellatio and does not require emission of semen. Penetration may be committed by an object manipulated by the actor into the genital or anal opening of the victim's body. Its meaning is limited to persons not married to each other."

[10] General Statutes § 53a-65 (3) provides: " 'Sexual contact' means any contact with the intimate parts of a person not married to the actor for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person or any contact of the intimate parts of the actor with a person not married to the actor for the purpose of sexual gratification of the actor or for the purpose of degrading or humiliating such person."

General Statutes § 53a-65 (8) provides: " 'Intimate parts' means the genital area, groin, anus, inner thighs, buttocks or breasts."

degree does not. Sexual assault in the third degree requires proof of sexual contact, which necessarily requires proof of the actor's purpose; sexual assault in the first degree requires no such proof of purpose. Consequently, we are bound to hold that the two crimes charged are separate offenses.

If there had been a statement of essential facts or a bill of particulars, we possibly would have reached a different result. In the present case, vaginal intercourse occurred. The defendant concedes that this intercourse was for the purpose of sexual gratification and that there was incidental contact with the victim's groin pursuant to the intercourse. Indeed, it is physically impossible to commit vaginal intercourse without incidental contact with the groin. Because there was not a detailed long form information, a bill of particulars, or a statement of essential facts, however, we must conclude that for the purposes of *Blockburger* analysis, based on the statutes and the information, and looking at "theoretical possibilities," the two sexual assault crimes as charged in the present case are two separate offenses because each requires proof of a fact that, despite the evidence presented at trial, the other does not. *State v. Palmer*, 206 Conn. 40, 52, 536 A.2d 936 (1988); *State v. Wright*, 197 Conn. 588, 593, 500 A.2d 547 (1985).

IV

Finally, the defendant asserts that the trial court's instructions to the jury unfairly marshalled the evidence and misstated important evidentiary facts, thus depriving him of a fair trial. The defendant maintains that the instructions of the trial court taken as a whole unfairly emphasized and buttressed the victim's version of the incident, while treating his version tersely. A review of the jury charge indicates otherwise.

The record discloses that, in its charge, the court fairly summarized the evidence offered by both the state and the defendant. The court instructed the jury

to disregard any indication, expressed or intimated, concerning the court's opinion regarding the facts of the case. This reminder was repeated throughout the jury charge. The test by which we evaluate the trial court's charge is whether the charge, read in its entirety, "fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law." *State* v. *Ballas,* 180 Conn. 662, 680, 433 A.2d 989 (1980); *State* v. *Hernandez,* 218 Conn. 458, 465, 590 A.2d 112 (1991). We conclude that the trial court's instructions to the jury were fair and proper.

The judgment is affirmed.

In this opinion the other judges concurred.