[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
FACTS
CT Page 9243
On February 3, 1995, the Connecticut State Police and the Statewide Narcotics Task Force executed a search warrant authorizing the entry and search of a residence owned by the defendant Joseph Stauckas at 81 Pitch Road, Litchfield, Connecticut. As a result of the search, the State Police seized over 260 grams of marijuana as well as weapons, records and packaging materials. The defendant was arrested and charged with violations of Sect. 21a-277(b) of the General Statutes (possession with intent to sell); as well as Sect. 21a-279(b) (possession of marijuana in excess of four ounces); and § 21a-246 (cultivation of marijuana). The defendant now moves to suppress the evidence seized pursuant to the search warrant on the grounds that the affidavit submitted with the warrant failed to provide sufficient information to establish a probable cause finding. Additionally, the defendant claims that a metal container included in the property inventory was improperly seized as part of a general search.
The following facts are taken from the affidavit submitted with the warrant application. The affiants, David Bland and John Covello, are both members of the Connecticut State Police Department. On February 3, 1995, the affiants, along with another officer, were dispatched to the area of Webster Road in Litchfield, Connecticut adjacent to Route 63 in response to a suspicious incident reported by workers from the Litchfield Highway Department. Upon arrival at the scene, the affiants spoke with a member of the highway department who had in his possession a brown metal can and a white trash bag. The white trash bag contained approximately 450 grams of a greenish-brown plant-like material consistent with that of marijuana, and two clear plastic bags containing a similar substance. The substance appeared freshly dried and not yet completely processed for sale. Clearly visible on each item were pieces of what appeared to be black and white animal hair. The tin can contained a small clear plastic bag containing approximately 40 grams of the same material, along with wood chips, a piece of yellow insulation material, and several strands of what appeared to be white and black colored animal hair. The items did not appear to be adversely affected by the elements, indicating they had been recently placed there. The worker explained that he noticed these items while working on the north side of the road approximately twenty feet into the woods.
The worker escorted the affiants to the location where the tin can and trash bag were discovered, approximately sixty feet east of CT Page 9244 a dirt access way which is located at the eastern portion of Pitch Road west of a dirt cul-de-sac at the end of the travel portion of the road. The affiants remained in the area for approximately forty-five minutes. While travelling west on Pitch Road, west of the above location, Trooper Bland observed a red compact motor vehicle pass him heading east. The operator of the vehicle appeared startled by Trooper Bland's presence by the wide eyed expression on his face. The operator of the vehicle was alone except for a white and black medium sized dog. By the time that Trooper Bland turned his vehicle around, the vehicle had travelled up the dirt access way. The affiants travelled up the access way and located a one family cottage type residence, where the compact vehicle was located in the driveway. After checking the area, the affiants found this residence to be the only one located off the dirt access way.
While the affiants walked to the residence, a middle aged white male without a coat exited the house and identified himself as the owner. When asked if he had seen any suspicious person in the area, the man replied he had not. The male, later identified as Joseph Stauckas, appeared nervous, giving unimportant legal issues concerning the status and condition of his vehicles. He related that his sole source of firewood was two wood stoves and chopped firewood was observed around the perimeter of the home. A medium black and white dog was observed in the residence during the conversation. Stauckas remained outside the home for several minutes without a coat while engaging in conversation, and insisted on escorting the affiants to their vehicles after being advised several times that it was not necessary.
On that same day a sample of the plant material found in the plastic bag was placed into a NIK Test E field Kit which indicated a positive results for the presence of marijuana. The affiants went to the Litchfield Town Assessors office and found that the residence was owned by Joseph Stauckas. Aerial maps indicated that the area where the plant like material was found was directly adjacent, if not on, Stauckas's property.
A check of Stauckas's criminal history revealed an extensive criminal record including a conviction and fine for $300 for possession of marijuana in Torrington in 1986. The affiants stated that based on their training and experience, items such as scales, plastic bags, glassine envelopes, bank records, computers, answering machines, beepers, police scanners and weapons are used by drug dealers and kept hidden at their place of residence. The CT Page 9245 affiants also stated that based on their expertise and experience they had reason to believe the residence was being utilized to hold illicit narcotics (marijuana).
Based on these facts, Judge Joseph Doherty determined that probable cause existed and signed the warrant. The warrant was executed on February 3, 1995, and the State Police seized over 260 grams of marijuana, as well as weapons, records and packaging materials. The defendant now moves to suppress the evidence seized pursuant to the warrant.
"Probable cause to search exists if: (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity; and (2) there is probable cause to believe that the items named will be found in the place to be searched." State v. Duntz, 223 Conn. 207, 216, 613 A.2d 224
(1992). "Probable cause, broadly defined, comprises such facts `as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe' that criminal activity has occurred." Id. "In determining the existence of probable cause to search, the issuing judge must make a practical, nontechnical decision whether, given all the circumstances set forth in the warrant affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." (Internal quotation marks omitted.) State v.Diaz, 226 Conn. 514, 524-25, 628 A.2d 567 (1993), quoting, State v.Johnson, 219 Conn. 557, 563, 594 A.2d 933 (1991). In making a probable cause determination, the judge is entitled to draw reasonable inferences from the facts presented. State v. Diaz,
supra, 226 Conn. 525.
"When a magistrate has determined that the warrant affidavit presents sufficient objective indicia of reliability to justify a search and has issued a warrant, a court reviewing that warrant at a subsequent suppression hearing should defer to the reasonable inferences drawn by the magistrate." Id., quoting State v.Rodriguez, 223 Conn. 127, 135, 613 A.2d 211 (1992). The Connecticut Supreme Court has repeatedly held that a reviewing court must uphold the validity of a warrant when the affidavit in question presented a substantial factual basis, including inferences reasonably drawn from the affidavit, for the judge's conclusion that probable cause existed. State v. Diaz, supra, 525, citing State v. DeFusco, 224 Conn. 627, 642, 620 A.2d 746 (1993);State v. Duntz, 223 Conn. 207, 215, 613 A.2d 224 (1992); State v.Rodriguez, supra, 135. In doubtful or marginal cases, the CT Page 9246 constitutional preference for a judicial determination of probable cause should lead a reviewing court to afford deference to the judge's conclusion that the affidavit established probable cause.State v. Diaz, supra, 525.
"[T]he substantial basis test means that the reviewing court must give deference to — must take as given — all reasonable
inferences drawn by the issuing judge, and then decide whether, based upon the facts explicitly stated in the affidavit, supplemented by those reasonable inferences, the affidavit establishes probable cause." (Emphasis in original.) State v.Diaz, supra, 226 Conn. 527. The facts in the warrant must be viewed in the light most favorable to a finding of probable cause.State v. Duntz, supra, 223 Conn. 216. Additionally, a reviewing court does not engage in a de novo review of an issuing judge's probable cause determination when the validity of the warrant is challenged on a motion to suppress. State v. Diaz, supra,226 Conn. 528-29. Reasonable minds may disagree as to whether a particular affidavit establishes probable cause. Id., 541, citingUnited States v. Leon, 468 U.S. 897, 914, 104 S.Ct. 3405,82 L.Ed.2d 677, reh. denied, 468 U.S. 1250, 105 S.Ct. 82 L.Ed.2d 942
(1984).
The decision to draw or not to draw a given inference from the facts contained in the affidavit lies within the discretion of the judge to whom the application is presented, and the only constitutional limitation on this discretion is that any inference from the facts presented in the warrant must be reasonable. Statev. Diaz, supra, 541. Under the substantial basis test, the reviewing court is required to invalidate the warrant if the issuing judge, in order to reach a conclusion that probable cause existed, drew an unreasonable material inference from the facts presented in the affidavit. Id., 542; State v. Duntz, supra, 218.
The defendant argues that a reasonable inference cannot be drawn from the facts stated in the affidavit to establish probable cause that the items seized would be found in the defendant's home. The defendant contends that there is nothing in the affidavit to connect the defendant to either the trash bag or the can or their contents. The defendant argues that the affidavit is devoid of any information or statements buttressing an inference of the defendant's criminal activity, including information regarding recent involvement by the defendant in any criminal activity. Finally', the defendant contends that the alleged black and white dog hair found with the trash bag and tin can does not support a CT Page 9247 reasonable inference connecting these items with the defendant's home. The defendant also argues that since a tin can listed in inventory of property seized was not listed in the warrant, its seizure was illegal because it could have been anticipated.
The state argues that the search warrant presented a substantial factual basis for the issuing judge's determination that probable cause existed. The state also contends that the defendant seeks an improper de novo review of the issuing judge's findings and also ignores the presence of facts in the affidavit. The state also argues that there is a sufficient nexus between the defendant's home and illegal activity. Finally, the state contends that seizure of the tin can was proper because the warrant identifies packaging materials as items to be seized and that such a tin container can be used for packaging. Alternatively, the state contends that the seizure of the tin container is proper under the plain view doctrine.
The search warrant affidavit, along with the inferences reasonably drawn from it present a substantial factual basis for Judge Doherty's probable cause determination. The affidavit set forth that a large quantity of marijuana was found on or adjacent to the property of the defendant. The defendant had a extensive criminal history, including a conviction for possession of marijuana. The marijuana did not appear to be adversely affected by the elements, thereby indicating that it had been recently placed where it was found. Mixed in with the marijuana was white and black animal hair, woodchips and insulation type material. The defendant appeared startled when he drove by the State Troopers, and he was travelling with a white and black dog. The defendant's home was the only residence located on the access road. When the police came to the defendant's home, he acted nervously and engaged in conversation including revealing that the sole source of heat for his residence was two wood stoves. The police also observed a white and black dog in the defendant's home and piles of chopped firewood around the perimeter of the home.
These facts support the reasonable inferences that the marijuana was discovered on the defendant's property; that the animal hair found in the marijuana came from the defendant's dog; that the woodchips came from the defendant's home; that the marijuana found by the highway workers came from the defendant's home; and, that the defendant was nervous because the police found the marijuana. Further, the defendant's nervousness, his recitation of unimportant facts and his insistence upon escorting the troopers CT Page 9248 away from his home and to their vehicles gives rise to a reasonable inference that he had concerns that there was more contraband within his home. The defendant's home also contained two of the three items found in the trash bag and tin can making it reasonable that the third item, the marijuana, would also be found in the defendant's home. Additionally, the fact that the affidavit states that the defendant's residence is the only home on the access road buttresses the reasonable inference connecting the defendant's home with the tin can and trash bag. Together with the defendant's past criminal history and, possession conviction, the court cannot say that any of the inferences draw by the issuing judge were not reasonable. Furthermore, while reasonable minds may disagree whether a particular affidavit establishes probable cause, State v.Diaz, supra, 541, the facts in the affidavit present a substantial factual basis for the judge's conclusion that probable cause existed. In a doubtful or marginal case, the constitutional preference for a judicial determination of probable cause leads this court to afford deference to the judge's conclusion that the affidavit established probable cause. State v. Diaz, supra, 525. Thus, the defendant's motion to suppress the evidence seized pursuant to the warrant is denied.
Furthermore, although the tin can listed as item four on the inventory of items seized was not specifically identified in the warrant, its seizure was proper. While warrants must be specifically definite and specific so that the officer executing it can identify the property sought with reasonable certainty; Statev. Gagnon, 18 Conn. App. 694, 709-10, 561 A.2d 129 (1989); the police do not need to ignore incriminating evidence in plain view while they are operating within the parameters of a valid search warrant. State v. Ruth, 181 Conn. 187, 193, 435 A.2d 3 (1980). Where the police are properly on the premises, the discovery of the item is inadvertent and a reasonable relation exists between the evidence seized and the criminal behavior under investigation, a plain view seizure is authorized. State v. Graham, 186 Conn. 437,443-44, 441 A.2d 857 (1982). The mere fact that the police are aware of the possibility that they may find non-contraband evidence which is incriminating is not enough to render the search unlawful if the police did not anticipate the discovery or know in advance the location of the evidence and intend to seize it. State v.Blackwell, 20 Conn. App. 193, 200, 565 A.2d 549 (1989).
The defendant does not argue that the police knew that they would locate an identical container in the defendant's home, or that they went to his home intending to seize such a container CT Page 9249 using the warrant as subterfuge. Id. The tin container located in the defendant's home was similar if not identical to that discovered by the highway worker and was incriminating evidence related to the criminal behavior. Thus, the requirements of a plain view search were fulfilled, and the seizure of the tin can was proper.
For these reasons, the defendant's motion to suppress is denied.
By The Court,
Gill, J.